## Samuel Haddon *against* Arthur Chambers.

### S. C. 2 Dall. 236.

A surety in a bond who pays the debt after his principal has been discharged by the bankrupt law of Maryland, is not barred by the chancellor's certificate.

THIS was a case stated for the opinions of Justices Shippen and Smith, who sat at Nisi Prius, at the last May assizes for Huntingdon county.

*The action was brought on a promise of indemnification for money paid, laid out, and expended for the defendant's use. [*530

On the 3d October 1787, the plaintiff executed a joint and several bond as surety for the defendant, and at his instance, to William Thompson, conditioned for the payment of 14l. 12s. 6d. and interest within one year. On the 15th July 1788, the defendant was discharged, under the insolvent laws of the state of Maryland, and obtained a certificate from the chancellor of that state that he was a bankrupt, and was duly discharged from all debts by him owing or contracted. The plaintiff was afterwards obliged to pay 19l. 19s. 3d., the amount of the principal and interest on the bond to the obligee, and the defendant, on being arrested, was discharged as a citizen of Maryland, under a *habeas corpus* issued from the Supreme Court.

The question referred to the justices was, whether under these facts, the plaintiff was entitled to recover?

Mr. Hamilton for the defendant contended, that though the action might lie under the laws of England, yet it was otherwise in the present instance. The Maryland act was passed in April 1787, c. 34, and enacts, that "such debtor shall for-" ever thereafter be acquitted and discharged from all debts "by him owing or contracted, at any time before the date of "such deed," to trustees of his estate. It is materially different from the British statute, which contains the words "due and owing." Cowp. 23. The words owing and contracted are sufficiently comprehensive to reach any pre-existing ground of action, and the *lex loci* must govern.

Messrs. Walker and R. Smith for the plaintiff, insisted that

[Haddon v. Chambers.]

the damnification did not happen until after the bankruptcy of the defendant, and therefore the plaintiff could not prove his demand under the commission. The certificate of the bankrupt does not discharge a contingent debt. They cited Cook's B. L. 342, 344. 3 Wils. 13, 262. 2 Bl. Rep. 794, 840, 1106, 1217. Cowp. 525. Doug. 155. 1 Burr. 436.

Smith J. now delivered the opinion of Mr. Justice Shippen and himself, in which the whole court concurred. No doubt could possibly arise in this case, were it to be judged of by the bankrupt laws of England. Many decisions have settled the point, that as to debts arising after bankruptcy, though on a pre-existing ground, creditors cannot come in under the commission, nor are barred by the bankrupt's certificate. 3 Wills. 13, 262. 2 Bl. Rep. 794. Cowp. 527. 1 Term Rep. 599. *531] But *it is insisted by the defendant's counsel, that the words of the Maryland act being all debts owing or contracted, are more extensive than those of the English bankrupt act, and therefore the construction should be different. Yet we are not without precedent, under the stat. 12 Geo. 3. c. 23, of insolvency, which in sect. 27 extends to all debts contracted, incurred, occasioned, owing or growing due, and are much larger than the words of the Maryland act. Under this statute it has been adjudged, that where a sheriff's officer has been discharged, and an action was afterwards commenced against the sheriff for his misconduct prior to the discharge, which the officer's security stops by paying the money, such security may hold the insolvent to special bail, for such subsequent damnification. This case is expressly in point. See also Cowp. 23. We are therefore of opinion that the plaintiff is entitled to recover, and that judgment be entered accordingly.

Jeremiah Warder, Jeremiah Parker and Richard Parker *against* William Bell, Christian Febiger, James Read and Robert M'Clay, executors of Joseph Carson.

S. C. 2 Dall. 223.

Whether reasonable notice of a bill's being dishonoured, has been given by an indorsee to an indorser, has been usually left to the jury, and the strictness of notice in England has not been adopted.

A RULE had been granted to shew cause why a new trial should not be granted in this suit.

The action was tried in bank at the last September term, before Shippen and Smith Justices, and a verdict passed for the plaintiff. It was brought against the defendants on an indorsement of a foreign bill of exchange by their testator.