*1810.*

CHERIOT
*v.*
FOUSSAT.

---

## The Commonwealth *against* the Judges of the Common Pleas of Philadelphia County.

*Philadelphia,*
*Saturday,*
*December 22.*

IN this case *T. Ross* moved for a rule upon the judges of the Common Pleas of *Philadelphia* county, to shew cause, why a mandamus should not issue, commanding them to admit an appeal from the judgment of an alderman, in the case of *Lee* v. *Ridgway.*

A mandamus does not lie to the judges of the Common Pleas to reinstate an appeal which they have dismissed; because in the first place their order of dismission is an award in the nature of a judgment upon

The facts upon which the motion was founded were these. On the 22d *July* 1809, *Lee* obtained a judgment by default against *Ridgway* for 68 dollars, before an alderman of the which a writ of error lies; and in the next place because a mandamus cannot go to an inferior court to compel them to make any particular decision, but merely to decide, which the Common Pleas have already done.

*Qu.* Whether a mandamus from this court, lies to the Common Pleas.

1810.

COMMON-
WEALTH
*v.*
JUDGES
of
COMMON
PLEAS.

city, and on the 26th of the month, *Ridgway* entered an appeal and gave bail to prosecute it with effect. The transcript of the alderman's judgment was not filed in the office of the Common Pleas until the 15th of *August*, which was 24 days after the judgment; but it was at the same time several days before *the next court* after the judgment was rendered. The president of the Common Pleas, being of opinion that the transcript should have been filed within 20 days after the judgment, upon motion by the plaintiff's attorney, ordered the appeal to be struck off; and it was now the object of *Ross* to have it reinstated.

He argued that the appeal had been struck off contrary to the plain interpretation of the law by which it was given; for the 4th section of the act of 28th *March* 1804, 6 *St. Laws* 385., having given to either party the right to appeal within twenty days after judgment, upon his entering special bail, the 6th section directs that the recognisance of bail shall be conditioned for the party's appearance at the *next court* of Common Pleas, to prosecute his suit with effect &c.; so that the transcript is filed in time on or before the appearance day of the next term, the act not requiring any thing to be done in that court by the appellant before his appearance. Hence the judges of the court had no right to quash the appeal; and the defendant having no other remedy, the court will grant him the writ of mandamus. This writ issues from the King's Bench in *England* to all inferior courts of judicature, requiring them to do something which appertains to their office and duty, and which the King's Bench has previously determined to be consonant to right and justice. 4 *Bac. Ab.* 495. It has been liberally interposed in modern times for the benefit of the subject; and nothing more is necessary to induce the use of it, but the applicant's having a legal right, and no other specific remedy. Such seems to be the situation of *Ridgway*. He has a clear legal right; and he has no remedy by writ of error, the only other writ which can be thought of, because in fact the appeal is struck from the record of the Common Pleas, there is no judgment or proceeding before them, and the party is now in the same situation in which he stood before the transcript was filed.

The power of this court to issue the writ cannot be denied. Under the act of 1722, 1 *St. Laws* 171., they are intitled to

1810.

COMMON-
WEALTH
*v.*
JUDGES
of
COMMON
PLEAS.

exercise the same jurisdiction and power in examining and correcting the errors of the Common Pleas, and " *to minis-* " *ter justice to all persons* as fully and amply to all intents " and purposes whatever, as the justices of the court of King's " Bench, Common Pleas, and Exchequer, at *Westminster*, or " any of them, may or can do." More ample jurisdiction cannot be required. It assimilates this court to the King's Bench in the matter of mandamus, as well as in other points; and it was expressly confirmed to the court by the 5th section of the 5th article of the constitution, and by the act of 13th *April* 1791., 3 *St. Laws* 92., which reorganized the judicial establishment after the adoption of the constitution.

TILGHMAN C. J. This is a motion for a rule on the judges of the court of Common Pleas to shew cause why a mandamus should not issue, commanding them to admit an appeal in the case of *Lee* v. *Ridgway.*

An appeal was entered in the court of Common Pleas from the judgment of an alderman of the city of *Philadelphia*, under the act of 28th *March* 1804, 6 *St. Laws* 383., sect. 4, commonly called the one hundred dollar act. The court of Common Pleas, conceiving that the appeal was not entered according to law, ordered it to be struck off.

There are many difficulties in the way of this motion. Without entering into the right of this court to issue a mandamus to the court of Common Pleas, should a proper case be brought before us, it is to be observed, that in the present instance, the court of Common Pleas has proceeded to give judgment, or at least to make an order in a cause which was entered on their records. In the case of the *United States* v. *Lawrence*, 3 *Dall.* 42., it was determined by the Supreme Court of the *United States clearly and unanimously*, after full argument, that although they might command an inferior judge to *proceed to judgment*, yet they had no power to compel him *to decide* according to the dictates of any judgment but his own. Upon this principle it would be improper for us to issue a mandamus, because the court of Common Pleas have already decided according to the dictates of their own judgment. But there is another reason decisive against the motion. It is conceded by the counsel who made

1810.

COMMON-
WEALTH
v.
JUDGES
of.
COMMON
PLEAS.

it, that if a writ of error lies in this case, a mandamus ought not to issue. It appears to me that a writ of error does lie. The rule is, that a writ of error lies in all cases where a court of record has given a final judgment, or made an award in nature of a judgment. 9 *Vin. Abr.* 474. *A.* 2. *pl.* 6. Now the striking off the appeal is certainly in nature of a judgment. It is the act of the court dismissing the appeal, and thus making an end of the cause. It matters not in what form this order is made. It is substantially in nature of a judgment. I am therefore of opinion, that the rule should not be granted.

YEATES J. I intirely abstain from intimating any opinion, whether under the constitution of our courts, a mandamus would properly lie from this court to any of the courts of Common Pleas of this commonwealth. Admitting however, that such would be a legal remedy, I do not apprehend that it would lie in the present instance. In the case of *Lee* v. *Ridgway* pending in the Common Pleas, and which was submitted to arbitration under the one hundred dollar act passed 28th *March* 1804, that court held, that the transcript of the record should be filed on the appeal within twenty days after the decision, and for defect thereof in that case, the court dismissed the appeal. This I take to be a final judgment on which a writ of error would lie, and a complete remedy be afforded to the party, in case the opinion of the court below on the construction of the act of assembly was incorrect. While the order of dismission is in full force, nothing further remains to be done in that court. It is admitted, that a mandamus will only lie, where there is no other specific remedy; but such remedy occurring here, I am of opinion, that the rule to shew cause why a mandamus should not issue to the justices of the court of Common Pleas, be denied.

BRACKENRIDGE J. gave no opinion, having been engaged in holding a court of *Nisi Prius* during the argument.

Rule refused.