| 5 W 289 |
| e 23 SC ²595 |
| e 23 SC ¹596 |

| 5 W 289 |
| e208 ²647 |
| e208 648 |

⌡ Adams *against* Bush.

A bond in a certain penalty conditioned for the performance of a certain act at different periods, and with a warrant of attorney to confess a judgment " or judgments after filing one or more declarations," will not authorise the entry of more than one judgment: and no execution can issue upon it until a *scire facias* shall have issued, and it shall have been ascertained that the act has not been performed, and what damage has resulted from its non performance.

The entry of several judgments upon a bond and warrant of attorney is erroneous; and an order of the court of common pleas to consolidate them as of the date when they were entered, is also erroneous, and will be reversed on error.

*Semble*, When the court of common pleas makes an order or decision which may operate to the injury of a party, although not a final judgment, error lies.

ERROR to the common pleas of *Tioga* county.

Alva C. Bush plaintiff below against Isaac Adams.

The writ of error in this case was sued out to reverse a judgment entered by warrant of attorney upon the following bond:

"Know all men by these presents, that I, Isaac Adams, of the township of Tioga, county of Tioga, and state of Pennsylvania, am held and firmly bound unto Alva C. Bush, of the township, county, and state, aforesaid, in the sum of eighteen hundred dollars, to the which payment well and truly to be made, I do hereby bind myself, my heirs, executors, administrators, and assigns, and each of them firmly by these presents. Sealed with my seal this fifth day of February, in the year of our Lord 1833.

"The condition of this obligation is such that if the above bounden Isaac Adams, his executors, administrators, or assigns, shall saw or cause to be sawed nine hundred thousand feet of boards from white pine logs, to be delivered in the pond and race to the mill of said Adams, on the Tioga river, by the said Bush, at the following times and in the following manner, to wit, one hundred thousand to be sawed by the first day of October next; three hundred thousand by the first day of February, A. D. 1835; two hundred thousand by the first day of. February, A. D. 1836; two hundred thousand by the first day of February, A. D. 1837; and one hundred thousand on the first day of February, A. D. 1838; all of which boards to be sawed one and one-eighth of an inch thick, in good and workman like manner and well stubbed; and in case the said Bush does not during either of the years above mentioned deliver a sufficient quantity of logs to make the quantity of boards due on the instalments, to saw the said quantity of boards at any time thereafter, when the said logs shall be so delivered, without any fraud or further delay, then this bond to cease and be null and void to all intents and purposes, otherwise to be and remain in full force and virtue. And the better to secure the performance of the conditions of the within bond, I do hereby authorise any attorney of any

v.—2 M

[Adams v. Bush.]

court of record in Pennsylvania to appear for me, and, after filing one or more declarations, to confess a judgment or judgments against me for the amount of the said bond, with a stay of execution until the instalments shall respectively become due and remain unpaid; with a release of all errors, &c. But it is expressly understood, that the judgments confessed on this bond are to be a lien only on the mill and mill privilege of said Adams within mentioned.

(Signed)                    Isaac Adams, [l. s.]"

On this bond and warrant of attorney, the attorney for Bush filed a declaration in these words:

"Isaac Adams was summoned to answer Alva C. Bush of a plea that he render to him the sum of two hundred dollars lawful money of the United states, which he owes and unjustly detains, &c.

"And thereupon the said A. C. Bush, by John W. Maynard, his attorney, complains, for that the said Isaac Adams heretofore, to wit, on the fifth day of February in the year of our Lord one thousand eight hundred and thirty-three, to wit, at Tioga, in the county of Tioga aforesaid, by his certain writing obligatory, sealed with his seal, acknowledged himself to be held and firmly bound to the said A. C. Bush in the said sum of two hundred dollars above demanded to be paid to the said A. C. Bush, but hath not paid the said two hundred dollars although often requested, but hath hitherto neglected and refused and neglects and refuses so to do, whereupon, the said Alva saith that he is injured and hath sustained damage to the amount of two hundred dollars, and therefore he brings suit, &c., and the said writing obligatory is herewith shown to the court.

"By virtue of a power of attorney contained in the within recited obligation, I do hereby appear for the within named Isaac Adams, and confess judgment against him in favor of Alva C. Bush for the sum of two hundred dollars, with costs of suit—with stay of execution until the first day of October A. D. 1833, and I hereby release all errors in the confession of this judgment in behalf of the defendant. Filed March 13, 1833. J. W. Maynard, Attorney."

A similar declaration was filed for 600 dollars, payable 1st February 1835; another for 400 dollars, payable 1st February 1836; another for 400 dollars, payable 1st February 1837; and another for 200 dollars, payable 1st February 1838. All these with costs on each—all entered on 13th March 1833. On 28th September 1835, on motion of Mr Parsons, rule to show cause why each and every of these judgments should not be vacated (stating each of the five above mentioned) on the ground that no authority is given for entering such judgments; and also a rule on J. W. Maynard, who entered them, to file his warrant of attorney in each of said cases, on which said judgments purport to have been entered.

On argument the court ordered the bond containing the warrant of attorney to be filed. And further, that the several judgments entered, to the amount of 1800 dollars, be consolidated, as of the date they were entered, and that the plaintiff pay the costs on all

the entries of judgment but one, and that the costs of one entry follow the judgment. Therefore, judgment accordingly for the sum of 1800 dollars, as of March 13, 1833.

*A. M. Parsons*, for plaintiff in error.

The opinion of the Court was delivered by

HUSTON, J.—Most clearly there was no authority to enter five judgments for the several instalments mentioned in said bond, whatever may be the meaning or effect of the words " after filing one or more declarations to confess judgment or judgments" against me for the amount of the said bond. This cannot be tortured to mean that the conditions are what the judgments are to designate and for which judgments are to be entered. The bond is conditioned to saw a certain number of logs to be furnished by Bush at each period. Judgment might have been entered for the amount of 1800 dollars, that is the bonds and to that the warrant of attorney referred. But then no execution could issue until on a *scire facias* and trial a jury had found that Bush furnished the logs in proper time, and that Adams did not saw them; and further found what was the amount of damage to Bush on that account.

There is no such bond as is recited in the several declarations and no such warrant of attorney as is recited in the confession of judgment.

I admit that a judgment confessed by an attorney purports to be the act and decision of the court, and this though the court never heard of it. If it is suffered to remain unquestioned and execution issues, and defendant's land is sold, the purchaser will, by an act of assembly, hold the land though judgment may be reversed on error. It is important then, for a defendant to make objection as soon as he knows of the judgments, and the courts in this state have always inquired into the regularity and validity of such judgment. Sometimes the judgment is opened, sometimes an issue is directed, and if necessary an amendment in form may be made where there is any thing by which to amend. But when no bond can be produced and no obligation, or when no warrant of attorney exists or none authorising such judgment, the court cannot amend; and a judgment entered without authority must be void and ought to be vacated.

In this case the bond expressly states that the lien of this bond is to be only on the mill and mill privilege of said Adams. Now, on an execution issued for the instalment called 600 dollars, and issued on the præcipe of Bush himself, there was a levy on a tract of land sold by Adams, after 13th March 1833, and before issuing said execution. This may have been mistake, or it may have been an attempt to do what was neither legal nor fair. The court had no right to order a judgment, if they did consolidate, to have a retrospective effect; they had no right to order a general judgment to bind all lands, when the agreement of the parties was, that it should be a lien only on specific property.

[Adams v. Bush.]

This court does not generally sustain a writ of error unless on a final judgment of the common pleas. But where that court makes an order or decision which does or may, if not redressed, operate to the injury of a party, error lies. 3 *Binn.* 273. 432. Now, here, if there be no interference of the court, the defendant and the purchaser from him, may be irreparably injured, if land not bound by the agreement of the parties is sold under this illegal and unauthorised judgment.

Another matter may be mentioned. Where several suits are brought by the same plaintiff on different bonds or notes, courts never have consolidated them at the instance of the plaintiff; consolidation is by consent or at the instance of the defendant; and then not of course; for it will not be directed if any injury is thereby done to the plaintiff. 1 *Tidd* (old edition) 441. 556. Consolidation of void suits is unknown in the law.

The decree of the court in ordering these five judgments to be consolidated, and ordering one judgment to be entered on the whole penalty of the bond, as of 13th March 1833, is reversed; and the judgment so ordered as well as the five separate judgments before mentioned, are declared null and void.

Judgment reversed.