# Montelius *v.* Montelius.

[October 11, 1845.]

Judgment was entered on a bond and warrant of attorney, which stipulated that execution should not issue before default in the payment of several promissory notes, *unless* the partnership existing between defendant and A. B. should be dissolved: *held,* that an execution issued before the maturity of the notes, without a *scire facias* having been first sued out, to ascertain whether the partnership had been dissolved, was irregular, and it was accordingly set aside.

It is no objection to the validity of a judgment entered under the 28th section of act of 24th February, 1806, that no declaration was filed; although the warrant of attorney required that one shall be filed.

A warrant of attorney to enter judgment as of the last, next, or any subsequent term, authorizes the entry of a judgment in the present term.

As between the plaintiff and defendant, it is no objection to the validity of a judgment, that the prothonotary has not fully complied with the act of 24th of February, 1806, which requires him to enter on his docket the date and tenor of the instrument of writing on which the judgment is founded.

This case arose on a rule to show cause why a judgment entered on a bond and warrant of attorney, and the execution issued thereon, should not be set aside. The decision requires that the bond and warrant should be given at length, as follows:

"Know all men by these presents, that I, Marcus Montelius, tobacconist, of the city of Philadelphia, am held and firmly bound unto William Montelius, the elder, merchant, of the said city, in the sum of $6000, of good and lawful money of the United States, to be paid to the said William Montelius, Sen., or his certain attorney, executors, administrators or assigns; to which payment, well and truly to be made and done, I do bind myself, my heirs, executors, administrators and assigns, and every of them, firmly by these presents. Sealed with my seal, dated the 6th day of December, A. D. 1844.

"The condition of the above obligation is such, that

[ Montelius *v.* Montelius. ]

whereas the above bounden Marcus Montelius hath this day given to the said William Montelius, Sen., his promissory notes, for the payment in all of $3000, as follows, to wit: one for $500, dated December 6, 1844, payable 18 months after date; one note for $500, dated as above, payable two years after date; one note for $500, dated as above, payable two years and six months after date; one note for $500, dated as above, payable three years after date; one note for $500, dated as above, payable three years and six months after date; and one note for $500, dated as above, and payable four years after date.

" Now, if the above named Marcus Montelius, his heirs, executors, administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above named William Montelius, Sen., his heirs, executors, administrators or assigns, the just and full sum of $3000, at the times and in the amounts above set forth, with legal interest for the same, without fraud or further delay, then this obligation to be void and of none effect, or else to be and remain in full force and virtue.

" And further, I, the said Marcus Montelius, do hereby empower any attorney of any of the courts of record of this state or elsewhere, to appear for me, and after one or more declarations filed for the above penalty, thereupon to confess judgment or judgments against me as of the last, next, or any subsequent term, with release of errors; under the condition and with the distinct understanding, however, that no execution shall issue, and no proceedings whatever be had upon said judgment or judgments, saving and excepting one or any of the following named events or occurrences should take place: first, that any one of the said notes shall have become due and remain unpaid; secondly, that the partnership now existing between the said Marcus and William Montelius, Jun., shall have been dissolved; thirdly, that any judgment for any amount ex-

[ Montelius *v.* Montelius. ]

ceeding $200, shall have been entered upon the records of any court of this commonwealth against me, the said Marcus; and, fourthly, upon my decease. In case any one of the above-mentioned contingencies or events shall have taken place, then the said judgment or judgments to take effect, otherwise, no proceedings to be had thereon.

"In witness whereof, I have hereunto set my hand and seal, this 6th December, 1844.

Marcus Montelius,   [ Seal. ]

Witnesses.——Robert T. Conrad, William Montelius, Jr."

On the 13th December, 1844, judgment was entered upon the foregoing bond, but without any appearance being marked for either party, or declaration filed.

The prothonotary entered upon his docket the names of the parties, the date of the bond, its penal sum, and the dates and amounts of the several promissory notes, but not the terms of the stay of execution.

On the 3d of October, 1845, the plaintiff issued a *fi. fa.* under which the sheriff levied upon and took possession of the stock in trade belonging to the defendant, at his store, No. 356 Market street.

On the 6th of October, 1845, a rule was obtained to show cause why the judgment and execution should not be set aside, returnable October 11, 1845.

Before the return of the rule the plaintiff took depositions to prove that the partnership between Marcus Montelius and William Montelius, Jr., had been dissolved by consent, before the execution was issued.

*Webster*, for defendant, argued, that the judgment had not been entered in accordance with the terms of the warrant, in the following particulars: first, no declaration was filed; it was expressly required that one should be filed before entering judgment, and as a warrant of attorney is in the nature of a contract, its terms are to be strictly fol-

[Montelius *v.* Montelius.]

lowed. Secondly, no authority was given by the warrant to enter the judgment at the December term. It read, " to confess judgment against me as of the last, next, or any subsequent term," thereby excluding authority to enter judgment at the then present term. A warrant to appear and confess judgment of a particular term must be entered of that term, and cannot be entered of any other. Bing. on Judgments 44; 2 Ch. Arch. Pr. 679. Thirdly, the prothonotary, in entering the judgment, had not complied with the act of 24th February, 1806, (Purd. Dig. 256,) which requires him " particularly to enter on his docket the date and tenor of the instrument of writing on which the judgment is founded." The prothonotary had not entered on his docket the special agreement for the stay of execution, which was an essential part of the warrant, and of great consequence to the defendant: certainly a part of the tenor of the instrument. *Helvete* v. *Rapp*, 7 S. & R. 306.

As to the execution, it was a conclusive objection to it, that it had been issued without a *scire facias* having been first sued out, or any suggestion put upon the record of the happening of any of the contingencies named in the warrant, or without leave of the court. The docket showed that none of the notes had matured; and it did not show the happening of any event which would entitle the plaintiff to execution. It must first appear that the defendant has made default, which could not be properly done except by a *scire facias*. The cases showed such a step to be necessary. *Holden* v. *Bull*, 1 Penn. Rep. 460; *Adams* v. *Bush*, 5 Watts 289. It was true, the plaintiff had taken depositions to prove the dissolution of the partnership, but it was sufficient for the defendant to deny that fact, and to ask the court to direct an issue to be formed to decide the question, or else require the plaintiff to sue out a *scire facias*.

*Williams* and *Lex*, for plaintiff, argued that the entry by

[Montelius *v.* Montelius.]

the prothonotary of judgment, without filing a *narr.* was good, although the warrant only authorized such an entry after declaration filed;—they relied on the 28th section of act of February 24, 1806; *Helvete* v. *Rapp,* 7 S. & R. 306; *Com.* v. *Conard,* 1 R. 249;—that an execution might be issued without a *sci. fa.* or notice to defendant, and without first obtaining leave of the court—and that upon the happening of either of the events specified in the condition of the bond, the whole of the amount intended to be secured, became due. *Gorman* v. *Richardson,* 6 S. & R. 163; *Smith* v. *James,* 1 Miles 162; *Monell* v. *Smith,* 5 Cowen 441.

*Brooke,* in reply, adverted to the fact that this rule was obtained at the instance of the defendant, and not upon the application of a creditor, as appeared to be the case in several of the authorities cited on the other side. He remarked, that judgments were frequently sustained between creditors, which would be held to be void in a contest between the parties. In *Helvete* v. *Rapp,* the defence was taken by a judgment creditor. The terms of the warrant are omitted in the report, but it is not alleged in any part of the case, that the docket entry did not set forth particularly the " date and tenor" of the bond. The question presented was, whether, notwithstanding all the particulars were spread upon the docket, the omission of the prothonotary to state, in words, that judgment was entered, rendered the entry nugatory. This case does not bear any analogy to the present. The *Commonwealth* v. *Conard,* was an action against the prothonotary for an alleged breach of duty in omitting to enter on his docket the stay of execution provided for in the warrant of attorney, and the question was whether, under the circumstances, in the absence of particular instructions, the prothonotary acted in bad faith. Neither of these authorities touch the positions taken by the defendant. The cases cited in support of these positions, clearly show that the entry of this judg-

[ Montelius *v.* Montelius. ]

ment is not in accordance with the warrant, nor in pursuance of the act of assembly; and it is therefore void.

But even if the judgment was regularly entered, the execution cannot stand. It is alleged that one of the contingencies mentioned in the warrant has arisen, to wit, the dissolution of the partnership. What constitutes a dissolution may be a question, and upon that point the defendant has a right to be heard before a tribunal competent to determine the fact. The establishment of this fact is necessary to entitle the plaintiff to issue the execution. He cannot assume it, and call upon the defendant to disprove it. He must show affirmatively that the event has happened. And for this purpose a *scire facias* should have been issued. *Gorman* v. *Richardson* has been relied upon as a case in point to show that a *sci. fa.* was unnecessary. The facts in some respects are similar, but in that case there was an explicit admission, upon the record, by the defendant's attorney, at the time of confessing the judgment, that the partnership was dissolved. This rendered a *scire facias* useless. The other cases cited by the plaintiff's counsel belong to a peculiar class, and are easily distinguishable from the present.

SERGEANT, J.—(After consulting with Mr. Justice Kennedy, who came into court at the close of the argument,) pronounced his decision as follows:—The first objection which has been taken to the judgment is, that it was entered without a declaration having been filed, according to the terms of the warrant, which is of an anomalous character, as it and the bond are incorporated together, and form in fact but one instrument. But I think that a strict compliance with such a clause in a warrant of attorney accompanying a bond, has been dispensed with by the act of 24th February, 1806. The 28th section of that act requires the prothonotary of any court of record within this commonwealth, on the application of any person being the

holder of any instrument of writing containing a warrant to any attorney at law to confess judgment, to enter the judgment without the agency of an attorney, or declaration filed. This section seems to control the language contained in the warrant of attorney in this case. It is next urged that the judgment has been entered of the wrong term. It appears to me, however, that the expression " last term," in a warrant, includes the term of the execution of a bond and warrant, as the words are referable to the commencement of the existing or present term. It is also contended that the omission of the prothonotary to transcribe on the docket the terms of the agreement for stay of execution, avoids the entry of the judgment. Such an objection might, as in the cases cited in support of this point, be of consequence between the plaintiff and the prothonotary, or between the plaintiff and the sheriff, but it is a matter of no importance as between the plaintiff and defendant, on a question as to the validity of the judgment. These are the grounds upon which the rule has been taken to set aside the judgment, but I do not think they are sufficient.

The objection to the execution is, that the plaintiff did not first issue a *scire facias* calling upon the defendant to show cause why the plaintiff should not have execution of his judgment, because of the happening of one of the contingencies specified in the warrant, other than the nonpayment of the several notes. I am inclined to think that the plaintiff was bound to follow this course. The issuing of a *scire facias* is the most direct and appropriate method to ascertain whether the terms upon which execution was to stay, have been violated by the defendant, or whether any of the contingencies upon which it was to issue have ever happened. Here the plaintiff alleges, that although none of the notes have matured, yet the partnership between the defendant and William Montelius, Jr., has been dissolved, which, if true, would give the plaintiff a right to

[Montelius v. Montelius.]

issue an execution. But this is denied by the defendant. Can the court decide between the parties? A partnership may be dissolved in a variety of ways, but only on a certain state of facts which must be established before a jury, and not assumed by the court. Upon the whole, I am of opinion that the *scire facias* must be issued, as the case is somewhat like that of *Adams* v. *Bush*, 5 Watts 289, where this court seems to have decided the point.

Execution set aside.*

* In debt on bond with condition for the payment of money by instalments, the plaintiff must proceed according to the provisions of the statute of 8 & 9 W. 3, c. 11; and, therefore, if judgment be obtained for want of an affidavit of defence or otherwise, in such action commenced by writ, the plaintiff cannot have execution upon motion as to instalments falling due after the impetration of the writ; but must proceed by *scire facias*, &c. *Longstreth* v. *Gray*, 1 Watts 60. But it is otherwise upon a judgment by bond and warrant of attorney, without writ, for the payment of money by instalments, for then, though the better course is to move the court for leave to issue execution for a particular sum, in the first instance, yet this is not the only course, and an inquiry as to whether too much is demanded is equally open to the defendant after execution as before. *Skidmore* v. *Bradford*, 4 Barr 296. Judgments on warrants of attorney have never been considered as within the statute. *Reynolds* v. *Lowry*, 6 Barr 465; *Bank of Chester* v. *Ralston*, 7 Barr 482.