## Mackaness *versus* Long.

1. A writ of error will lie in all cases where a court of record has given a final judgment or made an order in the nature of a final judgment, and the setting aside an order of sale is clearly a final order or decree, and therefore reviewable on error.

2. The court has no authority, on the application of the sheriff, made after the return-day of the execution, to set aside a sale of personal property regularly and fairly made.

3. A sale is a contract to pass rights or property for money, which the buyer pays or promises to pay to the seller for the thing bought and sold, and if the sheriff gives possession of the property sold, before obtaining the full payment therefor, and the bid was settled by the purchaser in good faith, which is not denied, the right of property passes.

4. Where the sheriff, on his own authority, distributes money levied under several executions before the return-day of the writ, he does it at his own risk. His misapplication of the proceeds cannot destroy the validity of a sale otherwise good.

[Mackaness v. Long.]

October 3d 1877.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county* : Of October and November Term 1877, No. 9.

On the 17th day of May 1876, R. H. Fife, Esq., sheriff of Allegheny county, by virtue of writs of fieri facias to Nos. 132 and 133 and No. 195, July Term 1876, levied on certain personal property of Henry Long, the defendant named in the writs, and on the 31st day of May 1876, in pursuance of notice, sold the same at public vendue to Frederick Mackaness, the plaintiff in error, for the sum of $371, who entered into immediate possession.

On the 15th of July following, upon the affidavit and motion of the sheriff, a rule was granted to show cause why the sale should not be set aside under the writ to July Term 1876, No. 195, in which Frederick Mackaness was plaintiff and Henry Long defendant. In the other two writs the Allegheny Valley Railroad Company was the plaintiff.   The records in the three cases were united in this proceeding.   The remaining facts will be found fully stated in the opinion of the court.

The court made the rule absolute and Mackaness took this writ, assigning for error this action of the court.   The writ was taken out in the name of Frederick Mackaness, plaintiff in error, and R. H. Fife, sheriff, defendant in error.

*Albert N.* and *W. H. Sutton,* for plaintiff in error.—The jurisdiction of the Courts of Common Pleas to set aside sales of personal property, is, by virtue of the Act of April 10th 1849, extended to all the counties in the state by Act of 10th of March 1858, Purd. Dig. 645, sects. 49, 50, and expressly defines how such jurisdiction may be acquired, and limits the inquiry to the questions of " the regularity and fairness of the sale," and then only " upon affidavit of the circumstances and before the delivery of the goods," and gives to the said courts power to set such sale aside as " shall appear to have been so irregular or fraudulent," as, in the opinion of the court, " to have produced a sacrifice of the property, to the prejudice of any such party."   The proceedings in the court below are entirely wanting in every essential element necessary to give the court jurisdiction.   It is at his own risk that the sheriff distributes the proceeds of an execution before the return day : Wortman *v.* Conyngham, 1 Pet. C. C. R. 241 ; 1 Tr. & H. Prac., part 2, 920. The delivery of the goods passed the property to the vendee, not only as against all the rest of mankind, but as against the vendor himself : Bowen *v.* Burk, 1 Harris 148 ; Backentoss *v.* Speicher, 7 Casey 326 ; Smith *v.* Smith, Murphy & Co., 9 Harris 372 ; Scott *v.* Wells, 6 W. & S. 366.

*R. B. Carnahan,* for defendant in error.—The proceedings

[Mackaness *v.* Long.]

of the court below, in making the rule absolute and setting aside the sheriff's sale for non-compliance by the purchaser with his bid, are not reviewable by this court in any form of proceeding. If the decree of the court below be reviewable by this court, it can be brought here only on an appeal, and a writ of error will not lie to such decree. The writ of error in this case cannot bring up the records in the two cases of the Allegheny Valley Railroad Company *v.* Henry Long, nor of the case of Mackaness *v.* Henry Long ; nor is there any record below that can be brought into this court by this writ. There is no case pending below between Frederick Mackaness and R. H. Fife, and the writ ought to be quashed.

On the 8th of October 1877, the Supreme Court entered the following judgment :—

PER CURIAM.—No writ of error lay in this case against the sheriff. The writ of error is therefore quashed.

On the 17th of October, following, a motion was made on behalf of the plaintiff in error for a re-argument for the following, among other reasons : Fife, the sheriff, was the plaintiff to the issue upon which the judgment assigned for error was rendered, and appears in this court as defendant to the issue so raised, the rule having been granted to No. 195, July Term 1876, in which there was no controversy between the original parties, to wit : Mackaness, plaintiff, and Long, defendant ; that the only issue in this case is between Fife, sheriff, plaintiff, as to the rule to show cause, and Mackaness, defendant, as to said rule ; that upon bringing the record of said fi. fa., No. 195, to this court, Fife being the only party in interest, was served with notice thereof, that he might appear and defend his action in the court below, and appears as such defendant ; that an inspection of the writ and record returned therewith will show that the record and issue presented therein are properly before this court.

Further, that said sale having been upon three writs, and the records of said several writs having been united in the proceeding below by said Fife having addressed his affidavit and rule to the said several records, and alike presenting the same issue between said Fife and Mackaness, the plaintiff in error did not err in presenting them by his said writ.

The motion was allowed and a re-argument had on the 31st of October 1877. The Supreme Court did not adopt the view taken by the counsel for the plaintiff in error, but upon further inspection of the record discovered that the writ of error was directed to the case of Mackaness *v.* Long, 195, July Term 1876, and were, therefore, of the opinion that Long, and not Fife, was the proper defendant in error, and they accordingly in the subsequent consideration of the case treated it as of Mackaness, plaintiff in error, against Long, defendant in error.

[Mackaness v. Long.]

Mr. Justice MERCUR delivered the opinion of the court, January 7th 1878.

All the errors assigned, relate to setting aside the sheriff's sale of personal estate. The sale was made on three writs of fieri facias issued against the defendant in error, returnable on the first Monday of July. One of the writs was in favor of the plaintiff in error, but was received by the sheriff after the two others. The sheriff having failed to return the executions on the return-day, a rule was thereafter granted upon him to show cause why he should not return them and pay into court the money realized thereon. On the return of this rule, July 15th, he put in an answer, under oath, averring substantially, *inter alia*, that he had levied on a certain leasehold estate with the fixtures and tools, and in pursuance of notice had sold the same to the plaintiff in error on the 31st May for $371. That, on the 7th of June, the purchaser paid $193 and gave a receipt for the residue of his bid; that immediately after he had thus distributed the proceeds of the sale, he ascertained there was a mechanics' lien on the leasehold, which was entitled to be paid, and that the purchaser had since refused to pay the residue of his bid. Upon this return and on motion of the sheriff's attorney, a rule on the purchaser was granted to show cause why the sale should not be set aside for non-compliance with his bid. To this rule the plaintiff also answered under oath, averring that he went to the sheriff's office on the 7th of June, and stated to the deputy in charge, that he was ready to pay his bid. He was informed by the deputy that he would be required to pay so much only as would satisfy the costs and the amount due on prior executions, and could give his receipt for the residue. That he complied with the request of the deputy by paying the money required, and gave his receipt for the excess to apply on his execution. He further averred that the deputy gave him possession of the property, which, in fact, he had since the day of his purchase; that he had no knowledge of the alleged defect in the sale until about the 7th of July; that relying on its validity he had entered into divers contracts, so that it would be unjust to him and to innocent parties to set aside the sale. He further denied that there was any trick, collusion, cunning or fraud in the sale or in the payment of the money.

So far as appears by the record the case was heard and decided on these two affidavits. The rule was made absolute. It is claimed by the defendant in error that additional evidence was given on the hearing, contradicting some of the facts averred by the plaintiff, yet it is not alleged that the evidence showed any bad faith in the purchase, nor in the settlement of the bid at the time the money was paid.

It is contended by the defendant in error that the action of the court below is not reviewable in any form of proceeding; but if

4 NORRIS—11

[Mackaness *v.* Long.]

reviewable, it must be on appeal, and not on writ of error. Neither of these objections is sustained by the authorities. The rule is, that a writ of error will lie in all cases where a court of record has given a final judgment, or made an order in the nature of a final judgment: Commonwealth *v.* Judges of Common Pleas, 3 Binn. 273; Cassel *v.* Duncan, 2 S. & R. 57; Harger *v.* Commissioners, 2 Jones 251. The setting aside a sale of personal property is clearly a final order or decree, and therefore reviewable on error.

The answer of the sheriff to the rule upon him, contains his only return to the executions. It shows a regular sale and settlement of the bid with the purchaser prior to the return-day of the writ. It alleges no irregularity or unfairness in the sale; nor does it aver any fraud or deceit in the payment of part of the money and in taking the plaintiff's receipt for the residue of the bid. The sole ground for setting aside the sale is predicated on the subsequent refusal of the plaintiff to pay to the sheriff the sum which he had already, at the sheriff's request, receipted on his execution. The question presented is, can a sale of personal property thus fairly made, and the purchase-money paid according to the request of the sheriff, before the return-day of the writ, be set aside on the application of the sheriff made after the return-day? The Act of 10th April 1849, and its supplement of 10th March 1858, Purd. Dig. 645, authorizes the court to set aside a sale of personal property only in case it "shall have been so irregular or fraudulent as in the opinion of the court to have produced a sacrifice of the property." The facts before us do not bring the case within the statute. No authority was cited recognising the power of the court, on the application of the sheriff, made after the return-day of the execution, to set aside a sale of personal property regularly and fairly made.

On the contrary, it was held, in Harris *v.* Smith, 3 S. & R. 21, if a vendor relies on the promise of the vendee to perform the conditions of the sale and delivers the goods absolutely, the right of property will be changed, although the conditions never be performed. This was in a sale at auction. So in Scott *v.* Wells, 6 W. & S. 357, it was held to be a general rule. Wherever there has been an absolute delivery pursuant to a bargain perfect in its members, the ownership of the property is vested by it. Although the terms of sale be cash, a subsequent delivery without payment passes the property to the vendee, not only as against the rest of mankind, but against the vendor himself. It matters not whether the sale be a private one or at public auction: Bowen *et al. v.* Burk, 1 Harris 146. If, on a sale for cash, the vendee takes the goods away without payment of the money, the vendor should immediately reclaim them by pursuing the party and retaking them; and this may be done, when necessary, even by force: Leedom *v.*

[Mackaness *v.* Long.]

Philips, 1 Yeates 529; Bowen *et al. v.* Burk, *supra;* Backentoss *v.* Speicher, 7 Casey 324. The right of reclamation, after delivery, exists only in case of fraud or deceit in the purchase, or in procuring the possession: Smith *v.* Smith *et al.*, 9 Harris 367. "Sale" is a word of precise legal import in law and in equity. It is a contract to pass rights of property for money, which the buyer pays, or promises to pay to the seller, for the thing bought and sold: Williamson *v.* Berry, 8 How. 544. A sale may be as complete, and the title to a chattel pass as fully, in consideration of a promise to pay, as by an actual payment, when possession is given. It follows that if the sheriff gave possession of the property sold before obtaining the full payment therefor, and the bid was settled by the purchaser in good faith—which is not denied—the right of property passed. We do not mean to question the right of the sheriff, acting with promptness, to have reclaimed the property, in case of fraudulent conduct in the purchase or taking possession; but we know of no power in the court, under the established facts in this case, and at the time of the application, to set aside the sale. When the sheriff, on his own authority, distributes money levied under several executions, before the return-day of the writs, he does it at his own risk: Williams's Appeal, 9 Barr 267. His misapplication of the proceeds cannot destroy the validity of a sale otherwise good. The learned judge therefore erred in making the rule absolute.

Order reversed, and rule discharged.

SHARSWOOD, J., dissents.