JUDGMENT NO. 386, May Term, 1880, of this court at the suit of John Guyer v. William G. Guyer, had upon a rule laid for the purpose at the following November Term, been stricken from the record by order of the court on the proof made under the rule, and afterwards at that term, November 27th, 1880, judgment was again entered at the suit of the Administrator of John Guyer, deceased, against William G. Guyer, on the same judgment-bond, and, by virtue of the same warrant of attorney appended to it; and now, at this term, Whitely for the defendant, had obtained a rule upon the plaintiff to show cause wherefore the latter judgment should not be set aside.
Vandergrift (Bradford with him) now showed cause. The first judgment referred to, and which was set aside by the order of the court, was an obsolute nullity. The warrant of attorney on which it was irregularly and improperly entered, was to confess judgment at the suit of John Guyer, his executors, administrators, etc., in the usual form, and which, of course, imported at the suit of John Guyer in his lifetime, or at the suit of his executor or administrator after his death; but it was proved on the hearing of the rule to set aside the judgment, and upon which it was *Page 431 
set aside by the court, that it was not entered until two years after the death of John Guyer, and was, even as late as that, entered in his own name as a living party to the judgment, not only several terms after his death, but two weeks before any administration had been granted on his estate. All, therefore, that had been done in the matter of entering the judgment, up to that time, by any one, as the agent, friend, or representative of the deceased obligee in the bond and warrant of attorney, was wholly without authority in law, and was also without any effect or operation whatever in law, and the judgment afterwards properly and correctly entered upon the same bond and warrant of attorney, in the name of his duly appointed administrator, is regular, lawful, and valid. 3 Wash., 558; 7 Bingh., 337; 8 T. R., 4 Taunt., 884; 1 Sug., 371; 2 Sug., 238; 1 Houst., 516; 4 Harr., 280, 527; 3 Harr., 241, 264, 519. The error and irregularity in the entering of the first judgment could not possibly have been amended by the court.
Whitely. Any entry of judgment by a warrant of attorney is an execution of the warrant, and it is thereupon functus officio.
This is not the case of an entirely unauthorized entry of a judgment on the warrant of attorney in question, but it was in strict conformity with the terms of it, and nothing aliunde, or outside of the instrument itself, can be allowed to annul or defeat the execution of it when made in literal conformity with the terms of the power conferred by it. 1 Tidd., 552; 1 Houst., 516; 3 Wash., 568; 6 S. R., 296; 14 S. R., 166; 5 Watts, 289; 1 Sug., 89.
The Court. The attempt to enter the first judgment in the name of the obligee in the bond several terms of the court after his death, under the authority of the warrant of attorney, was so utterly inconsistent with the power conferred by it, and contrary to law, that we had, and still have, no hesitation in considering it as a total failure to execute the warrant, and an absolute nullity in contemplation of law. The rule in this case must therefore be discharged. *Page 432