Interstate Vitrified Brick & Paving Co. *v.* Philadelphia, Mack Paving Co., et al., Appellants.

John Atkinson et al. *v.* Philadelphia et al.

*Municipal contracts—" Lowest reponsible bidder "—Act of May 23, 1874.*

Under the act of May 23, 1874, P. L. 230, directing municipal contracts to be awarded to the " lowest responsible bidder," a municipality is not required to award the contract to the lowest bidder who is able pecuniarily to carry out his contract, but it may also take into consideration the judgment and skill of the different bidders. The act vests in the officer whose duty it is to award the contract a discretion, and his powers are not merely ministerial.

MR. JUSTICE WILLIAMS dissented.

Argued Oct. 10, 1894. Appeals, No. 200 and 201, July T., 1894, by defendants from decree of C. P. No. 4, Phila. Co., June T., 1894, Nos. 496 and 497, awarding injunction. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Bill to restrain awarding of contract.

From the proofs it appeared that the Department of Public Works of the City of Philadelphia was authorized by ordinance to pave and repave certain streets with vitrified clay bricks, and the Director of Public Works accordingly advertised for bids for said paving and repaving. A schedule was prepared

for the proposed bidders, showing the streets to be paved and repaved, and containing the specifications as to the character of the work, etc. These specifications were printed and were furnished to the bidders by the Department of Public Works, and, among other things, required that samples of vitrified bricks or blocks, properly labeled, should be submitted at least one day before the bids were opened and receipted for by the clerk in the Bureau of Highways. On May 29, 1894, the bids were opened by the Director of Public Works, and were scheduled, as is the custom. Among the bidders were the Mack Paving Company, one of the defendants and appellants, and the Interstate Vitrified Brick & Paving Company, plaintiffs and appellees.

When the bids were opened publicly by Director Windrim on May 29, 1894, it was found that the Interstate Vitrified Brick & Paving Company were the lowest bidders for almost all of the paving and repaving advertised for. Both the Mack Company and the Interstate Company offered to do the paving and repaving with shale brick as well as with fire-clay brick. The Interstate Company furnished a sample of shale brick which the director said would be satisfactory if the company would repress and bevel-edge it. The brick was changed as suggested, and the director expressed himself as satisfied with it. One of the employees of the department communicated these facts to the Mack Paving Company. The evidence on behalf of the plaintiff tended to show that the Mack Paving Company then presented a sample of a shale brick, and represented to the director that it was taken from one of the samples in the boxes which were required by the specifications to be submitted with the bids of the Mack Paving Company. Plaintiff alleged that this representation was false. The director awarded the contract to the Mack Paving Company.

The case was heard on bill, answer and proofs.

The court, on the authority of Gutta Percha Co. v. Stokely, 11 Phila. 219, granted a preliminary injunction, in an opinion by ARNOLD, J., 3 Dist. R. 544.

*Error assigned* was decree, quoting it.

*James Alcorn,* assistant city solicitor, *Charles F. Warwick,* city solicitor, with him, for the city of Philadelphia, cited: Act of

May 23, 1874, P. L. 230; Douglass v. Com., 108 Pa. 559; Com. v. Mitchell, 82 Pa. 343; Findley v. Pittsburg, 82 Pa. 351; Paving Co. v. Wagner, 139 Pa. 623; act of May 13, 1856, § 26, P. L. 573; Conner v. Board of Health, 7 Phila. 629.

*E. O. Michener,* for the Mack Paving Company, cited: Com. v. Mitchell, 82 Pa. 343: Brown v. Phila., 41 Leg. Int. 242.

*Alfred Driver, J. Warren Coulston* and *John G. Johnson* with him, for appellees: In the cases cited by appellants it was held that, in exercising his discretion as to the responsibility of a bidder, the municipal official could only consider the character of the latter. No idea was suggested that he could accept goods in excess of the standard specified, and could disregard the bid of a lower responsible bidder. Such a construction would prevent competition and defeat the purposes of the act.

OPINION BY MR. JUSTICE FELL, Oct. 29, 1894:

The learned judge of the common pleas, upon the hearing of the application for a preliminary injunction, distinctly found that the Director of the Department of Public Works of the City of Philadelphia "had acted for what he considered the best interests of the city" in awarding the contract for paving to the Mack Paving Company. A careful examination of the testimony has satisfied us that this finding was correct. There was no allegation in the bill, nor any attempt in the testimony, to show that this officer acted in bad faith; and throughout the whole proceeding his entire honesty of purpose and his thorough integrity seem to have been conceded.

There then remained but one question, and that related to the power of the director under the act of May 23, 1874. The decree is based upon the opinion that the director had no alternative but to award the contract "to the lowest bidder who is able pecuniarily to carry out his contract." This was a misconception of the law as it has been repeatedly announced by this court.

The construction of the act of 1874 was first before this court in 1876 in the case of Commonwealth ex rel. Snyder v. Mitchell, 82 Pa. 343, and it was there distinctly held that the word "responsible" as used in the 6th section meant more than the

pecuniary ability of the bidder to carry out the contract, or to be answerable in damages for its breach, or to enter security for its performance; and that the act vested in the officer whose duty it was to award the contract a discretion, and that his. powers were not merely ministerial. This case was followed in the same year by Findley v. Pittsburg, 82 Pa. 351, in which the same view of the act was stated. The question again arose in 1885 in Douglass v. The Commonwealth ex rel. Senior, 108 Pa. 559, and it was there said by MERCUR, C. J.: " The act of 23d May, 1874, directing contracts to be awarded to the ' lowest responsible bidder ' has twice been before us for construction. In each it was held that the word ' responsible ' as used in the act applies not to pecuniary ability only, but also to judgment and skill. The duties thereby imposed on the city authorities are not merely ministerial, limited to ascertaining whose bid was the lowest, and the pecuniary responsibility of the bidder and his sureties. The act calls for the exercise of duties which are deliberative and discretionary." This doctrine was re-affirmed in 1891 in The American Paving Co. v. Wagner, 139 Pa. 623.

It therefore follows that under the findings of fact by the learned judge there was but one conclusion that was in harmony with the decided cases.

The decree of July 9, 1894, granting an injunction, is reversed and set aside, and the injunction dissolved at the cost of the. appellee.

MR. JUSTICE WILLIAMS dissented.

ATKINSON ET AL. *v.* PHILA. ET AL., APPELLANTS.

OPINION BY MR. JUSTICE FELL, Oct. 29, 1894:

This case was argued with Interstate Vitrified Brick Co. v. The City of Philadelphia, No. 200 July Term, 1894, in which the opinion of this Court has been filed. It presents the same questions that were considered and decided in that case.

The decree of · July 9, 1894, is reversed and set aside, and the injunction is dissolved at the cost of the appellees.

MR. JUSTICE WILLIAMS dissented.