BRIGHT *v.* BALL *et al.*\*

(Division B. March 23, 1925.)

[103 So. 236. No. 24756.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Minor, who has lost leg, not a responsible person to whom a contract to transport pupils can be let; "responsible bidder."*

Under chapter 283, Laws of 1924, p. 440 et seq., providing for the letting of contracts for the transportation of pupils in a consolidated school district, and providing that the contract for such transportation "shall be let to the lowest responsible bidder" who is able to furnish bond, etc., for the faithful performance of his contract, etc., requires the letting of a contract to an adult capable of being sued for breach of contract, and who has the physical ability and moral character necessary to the performance of his contract, having reference to the care and protection of children being transported. A person under twenty-one years of age, who has lost one leg and has not the full use of his limbs to control a transportation truck, is not such responsible person.

2. SCHOOLS AND SCHOOL DISTRICTS. *Patron of school having children entitled to transportation can sue to cancel illegal contract and to require proper contract to be let.*

In the case of a contract let in violation of the statute, a patron of the school who has children entitled to transportation under the law is entitled to maintain a suit to cancel such illegal contract and require the proper contract to be let.

3. Sᴄʜᴏᴏʟs ᴀɴᴅ Sᴄʜᴏᴏʟ Dɪsᴛʀɪᴄᴛs. *"Responsible bidder"* defined. Words "responsible bidder," used in Laws 1924, chapter 283, section 102, requiring letting of contract to responsible bidder, generally carries idea of being able to respond or answer according to what is expected or demanded under contract (citing Words and Phrases, First and Second Series, "Responsible Bidder").

*Headnote 1. Schools & School Districts, 35 Cyc., p. 1123 (1926 Anno); 2. Schools & School Districts, 35 Cyc., p. 1123 (1926 Anno); 3. Schools & School Districts, 35 Cyc., p. 1123 (1926 Anno).

Aᴘᴘᴇᴀʟ from chancery court of Simpson county.

Hᴏɴ. T. P. Dᴀʟᴇ, Chancellor.

Suit by W. J. Bright against F. M. Ball and others. From a judgment sustaining a demurred to bill, complainant appeals. Reversed and remanded.

*W. M. Lofton* and *A. M. Edwards,* for appellant.

The complainant seeks relief on two principal grounds. The first ground is that the said Leslie Roberts is by reason of the loss of his right leg and thigh physically incapacitated to drive a truck, and that to be a safe driver over the kind of roads described in the bill of complaint one needs to be in the full possession of all his faculties and all the limbs of his body. We will state further that the bill charges that by reason of his loss of limb, that the said Leslie Roberts is an unsafe driver of the truck, and the demurrer admits that this is true. Then if true, why should complainant be denied relief at the hands of this court?

Then the second ground in the bill on which relief is sought is that the said Leslie Roberts is a minor and for that reason that the contract made with the school au-

thorities is void. But the demurrer says that the minor alone has the authority to avoid or disaffirm the contract, and we want this court to thoroughly understand that we are familiar with that principle of law as it obtains between individuals, but no such principle can be invoked as against a public employment. But suppose the minor, the said Leslie Roberts could invoke this defense. What would happen? If an accident occurred and some child was killed, it would be the opportune time for him to disaffirm this contract.

Furthermore, the liability of the sureties on the bond would be contingent upon the liability of the principal. Then if the said minor should disaffirm, there would be no liability as to him, and then how could the sureties be made liable? So, on the ground of public policy this contract made by the school authorities in this case with the said Leslie Roberts cannot be upheld, and should be cancelled by a court of equity.

*Livingston & Milloy,* for appellees.

One ground of the demurrer points out that appellant failed to state a cause of action either at law or in equity. This ground of the demurrer is good against the bill of complainant, W. J. Bright, a patron, the party who brought the suit, because he is not a party to the contract and consequently cannot in law or equity cancel the contract. The contract should not have been cancelled at all. If appellant had been entitled to any relief at all, which we deny, it was by mandamus and not by injunctive relief. Further it will be noted that the bill of complaint does not claim that appellant had the right in law or under the contract to have his children transported under the contract. He does say that he lived on said route, but does not say that it was the duty of the contractor, Leslie Roberts, to transport his children. The bill utterly fails to show that appellant had any interest whatever in the contract.

The demurrer, also, challenges the bill of complaint on the ground that appellant was seeking to cancel the contract in issue on the ground that one of the appellees was a minor which, under the law, could not be done for the reason that the minor only had the right to avoid the contract sued on. There is no principle of law better settled than that the right to avoid a contract because of the infancy of the maker, or one of the makers, is a privilege personal to the infant. It has been frequently pointed out by our law writers that it is for the benefit of the infant to hold his contract not void, but only voidable at his election. To hold otherwise would be to the great detriment of the minor. If the contract be voidable merely, the infant can secure the advantages of a good bargain and relieve himself if it is a bad one, while on the other hand, to hold it void might deprive the infant of the benefit of an advantageous contract; and if the contract of an infant should be held to be absolutely void, then the adult party contracting with him would be equally discharged. But the law as it now obtains in Mississippi and we believe everywhere is to regard all contracts of an infant either valid, or voidable at his election. So, we submit, that the demurrer could well have been sustained upon this ground alone.

The demurrer points out that the bond of the minor appellee is signed by adults and is therefore, binding as to the sureties, regardless of whether the contract is binding on the infant or not. If the minor appellee should breach his contract there would be nothing for the sureties on his bond to do but to carry out his contract. If by negligence, he should breach his contract and injure a child or children, the bond could be put in suit for the injury. 21 R. C. L., par. 44, p. 995; See, also, 32 Cyc., par. 6, p. 27, as to Incapacity or Disqualification of Principal; *McGavock* v. *Whitfield*, 45 Miss. 452; *Foxworth* v. *Bullock*, 44 Miss. 457; *Whitworth* v. *Carter*, 43 Miss. 61.

The bill charges that Leslie Roberts is further incapacitated from carrying out the contract because of

the fact that his right leg and thigh are off near his body, and alleges that this physical disability prevents him from driving a truck with safety. But this is the mere conclusion of the pleader as there are no facts stated that show as a matter of fact he cannot drive a car with perfect safety; there is no charge in the bill of complaint that he has failed to drive the car or truck with perfect safety, and indeed, no such charge could be truthfully made in the case.

It is a matter of common knowledge that a one-legged person can drive a car. This fact was well known to the chancellor who heard the demurrer and he so stated that fact on the hearing of the demurrer. He knew because of the fact that he had had such a person in his employ at one time. Furthermore, if this physically unfitted the contractor from driving the truck himself, yet he could engage the services of some other person to carry out his contract and this he would have the undoubted right to do. There is no law that would require him personally to perform the contract, but he would have the unquestioned right to employ a suitable person to carry the contract out for him. We know it is often the case that the person who takes such a contract never drives the truck in person, and so there is nothing whatever in this charge of appellant. Moreover, the court was without power to cancel the contract on this allegation of the bill, because the bond was given just to assure against such inability.

We submit that the learned chancellor who heard this cause was correct in sustaining the demurrer of appellees, and therefore, the cause must be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Bright, filed a petition in the chancery court against F. M. Ball, county superintendent of education, and J. J. DePriest, D. W. Duckworth, W. Frank Smith, Olon Grayson, and J. A. McCaskill, trustees of the Mt. Zion consolidated school district, alleging that the

Mt. Zion consolidated school district is a legally established consolidated school district situated in Simpson county; that said DePriest, Duckworth, Smith, Grayson, and McCaskill are the trustees of said school district, and that said Ball is the county superintendent; that said trustees and said Ball, county superintendent of education, undertook to advertise and let contracts for the transportation of certain routes of the Mt. Zion consolidated school district of said county, and included in said advertisement route No. 2, known as the Duckworth route, seven and six tenths miles, having approximately thirty pupils, and that on the 11th day of August, 1924, they attempted to let said route No. 2 to one Leslie Roberts at and for the sum of sixty-nine dollars a month during the current session of said Mt. Zion consolidated school, but that their action in so doing was void for certain reasons set forth. It is alleged that it is the duty of said trustees and of the county superintendent of education to let the contract for the transportation of the pupils on said route No. 2 to the lowest responsible bidder who was able to make a solvent bond for the faithful performance of his contract, and that it was their duty to see that said bidder was physically able to perform such contract, and that such bidder was of legal age to be able to make a binding contract, and to guarantee the same with a solvent bond; that said trustees and county superintendent undertook to let said contract to said Roberts, who is a minor of the age of eighteen years, and therefore not of legal age to make a binding contract, and who is physically incapacitated to handle and drive a transportation truck which is used to carry the pupils to and from said school, by reason of the fact that his right leg and thigh is cut off near the body.

It is further alleged that the bond of the said Roberts was signed by two persons, Leonard Cole and Gilbert Evans, as sureties. It is agreed that they were solvent. It is alleged that by reason of his physical infirmity it is extremely dangerous for the said Leslie Roberts to

drive said transportation truck during rainy weather, as there are hills and hollows to traverse, and in case of accident and injury the injured would be without protection or redress. It is alleged that by reason of the said facts the contract is void. It is alleged that complainant is a patron of said school and resides in said territory of said route No. 2, but will not place his children in the transportation truck driven by said Roberts because of the danger attached to such a course, and that his children are thus denied the benefits of said school. It is further alleged that said contract should be canceled, and a valid contract made with a responsible person to carry such children, and that a solvent bond be required for the faithful performance of said contract. The bill prays that said parties be made parties defendant and that they be enjoined from making any further payment, and that said contract be canceled and held void.

The bill was demurred to on a number of grounds: (1) That there is no equity on the face of the bill; (2) that the bill of complaint shows on its face that complainant has an adequate remedy at law; (3) that the bill fails to state a cause of action either at law or in equity; (4) that the bill shows on its face that the contract was made under the rules and regulations of the state board of education, and that the trustees and county superintendent exercised a discretion that the court is without jurisdiction to review; (5) that the contract, on the ground of the minority of the driver, cannot be canceled either at law or in equity, the minor only having the right to avoid the contract; (6) that the bill shows that the bond was signed by adults; and (7) that the bill shows on its face that if the bond is breached that complainant has a complete and adequate remedy at law against the adult defendants.

The demurrer was sustained, and on application an appeal to settle the principles was allowed.

By section 102, chapter 283, p. 440 et seq., Laws of 1924, it is provided that the trustees of a consolidated

school together with the county superintendent are. authorized and empowered to provide means for transportation of pupils living two miles or more by the nearest traveled road from the consolidated school to and from the schoolhouse in the district, under such rules and regulations as may be prescribed, etc. It is further provided that the expense of the transportation shall be paid from funds that would otherwise be used in the school from which pupils are transported, that said funds may be either from the county school fund or Sixteenth section funds, or from special levy on the district, etc. It further provides that there shall be a written agreement between the county superintendent and trustees of the school transporting such pupils. It is further provided that:

"In all cases where pupils are transported to and from the public schools of this state in vehicles under authority of law and at public expense, the control for such transportation shall be let to the lowest responsible bidder in such case, who is able to furnish a solvent bond for the faithful performance of his contract, after the route or routes over which such pupils are to be transported, has been laid out and established as hereinafter provided and after the time and place of letting such contract and the manner of bidding shall have been duly advertised for the time and in the manner now provided by law for letting any other public contract. All such contracts shall be in writing and define and prescribe the duties of the contractors or driver of transportation vehicles:"

It will be noted from reading this section that the contract is to be let to the "lowest responsible bidder," who in such case is able to furnish a solvent bond, etc.

The words "responsible bidder" generally carry the idea of being able to respond or to answer according to what is expected or demanded under the contract.

" 'Responsible,' as used in a corporate charter providing that contracts for public improvements shall be let to the lowest responsible bidder, is not limited to finan-

cial, but means ability to perform all the conditions of the contract; and the commissioner of public works may reject a bid, notwithstanding it is the lowest made and the bidder is able to give the required bond, if, in the judgment of that official after due investigation, the materials customarily used and the workmanship exhibited by the bidder in the performance of the kind of work required are poor and unsatisfactory." 7 Words and Phrases, First Series, p. 6178, citing *People* v. *Kent,* 160 Ill. 655, 43 N. E. 760.

"Act May 23, 1874, requiring all public work and materials which are capable of being contracted for to be awarded to the 'lowest responsible bidder,' means the bidder lowest in amount and pecuniarily responsible. The word 'responsible' as defined by Webster, is liable to accounting, accountable, answerable, able to discharge an obligation, or having an estate adequate to the payment of a debt. As used in the statute, it refers to the pecuniary ability of the bidder to answer to the undertaking, so that the interest of the city should suffer no damage. Lowest in price and responsible, in the sense of being accountable, or able to discharge the obligation so as to save the city from pecuniary loss, is what is intended by the act of 1874." 7 Words and Phrases, First Series, p. 6178, citing *Gutta Percha Co.* v. *Stokely,* 11 Phila. (Pa.) 219, 221.

" 'Responsible,' as used in Act May 23, 1874, directing municipal officers to award certain contracts to the lowest responsible bidder, applies not to pecuniary ability only, but also to judgment and skill. The duties imposed on the city authorities are not merely ministerial, limited to ascertaining whose bid was the lowest and the pecuniary responsibility of the bidder and his sureties, but the statute called for the exercise of duties which are deliberative and discretionary." 7 Words and Phrases, First Series, p. 6178, citing *Vitrified Brick & Paving Co.* v. *City of Philadelphia,* 164 Pa. 477, 30 A. 383; *Reuting* v. *City of Titusville,* 175 Pa. 512, 34 A. 916.

"The word 'responsible,' in a statute authorizing the letting of contracts to the lowest responsible bidder, means something more than pecuniary ability, and refers to ability to promptly, faithfully, and conscientiously perform the work in question." 7 Words and Phrases, First Series, p. 6179, citing *State* v. *Rickards,* 16 Mont. 145, 40 P. 210, 28 L. R. A. 298, 50 Am. St. Rep. 476.

See other definitions in Words and Phrases, First and Second Series.

The statute here being construed, in our opinion, requires the letting of a contract to a person who is capable of making a binding contract so that he may be made to respond in damages for a breach of duty or for a failure to perform the contract. It also contemplates the letting of a contract to a responsible person in the sense that such person will be suitable and capable of looking after the children committed to his care, to the end that they may be safely transported. It is manifest that a person operating a truck large enough to carry twenty-five or thirty pupils over such territory as described in the bill would require a person who had the use of all his body. The operation of a truck of such size over such roads might be dangerous in the hands of a person, even though a skilled driver ordinarily, who did not have the use of all his body, both arms and both legs, available for the operation and control of the brakes of the truck in an emergency.

It is manifest that a minor under age could not be held to the performance of this contract. He might abandon the contract if such contract were let to him because of his suitable qualities as a person of discretion such as should have charge of school children, and he might abandon such work at any time to the inconvenience of the patrons of the school along his route. And should an accident occur a driver without the use of both arms and both legs might be seriously handicapped in rescuing the children from a perilous situation. In our opinion the law does not contemplate the letting of a contract to a

person so handicapped. We are therefore of the opinion that the court should not have sustained the demurrer.

The judgment will therefore be reversed, the demurrer overruled, and defendant permitted to answer within thirty days after receipt of the mandate in the court below.

*Reversed and remanded.*