## DEAR v. BULLOCK et al.[*]

(Division B. Feb. 22, 1926.)

[107 So. 197. No 25424.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Suit may be maintained against trustees of school district to cancel illegal transportation contract (School Code [Laws 1924, chapter 283], section 102, par. [g]).*

   Under School Code (Laws 1924, chapter 283), section 102, par. (g), a suit may be maintained against trustees of school district to cancel transportation contract entered into in violation of statute.

2. APPEAL AND ERROR.

   On appeal from a decree sustaining demurrer to bill, allegations of the bill are taken most strongly against the pleader.

3. SCHOOLS AND SCHOOL DISTRICTS. *Contractor for transporting school children need not himself personally drive conveyance, and may employ capable minor* (*School Code* [*Laws* 1924, *chapter* 283], *sections* 102-104).

   Under School Code (Laws 1924, chapter 283), sections 102-104, a contractor for transportation of children need not himself personally drive conveyance, and may employ for that purpose a minor capable of doing the work.

---

*Corpus Juris-Cyc. References; Appeal & Error, 4 C. J., p. 747, n. 34; Schools & School Districts, 35 Cyc., p. 970, n. 72, New.

APPEAL from chancery court of Rankin county.

HON. G. C. TANN, Chancellor.

Bill by J. W. Dear against H. H. Bullock and others, trustees of the Star Consolidated School District, and W. S. Dear. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

*W. M. Lofton,* for appellant.

One ground of demurrer is that the bill does not aver that the driver selected by the contractor, W. S. Dear, is incapacitated to perform the duties prescribed by law and the rules and regulations of the state board of education. Now, as a matter of fact, it does not charge this in so many words, and it is not necessary that it does so charge, but it does aver that a child of only sixteen years of age would not feel the same responsibility on account of his youth and inexperience that a man of mature years would feel, that it is extremely hazardous for a child of only sixteen years of age to drive the school truck loaded with children of about the same age, and with no one to exercise any sort of discipline over them. The bill further charges that the complainant is a patron of said school and resides in the territory of said school, but is not placing his children in said school or transportation truck so driven by said minor because of the danger attached to such course, and so he is thus de-

nied the benefits of said school. So it seems to me that this •states a condition that calls for a remedy and that a court of equity is the proper forum.

Another ground of demurrer is that chapter 283, School Laws of 1924, does not prohibit minors from driving trucks or tally-hos, nor does .it prohibit the employment of a driver by the contractor and claims that paragraph a of section 102 provides for it. Now, I admit that this law just cited does not in so many words expressly prohibit minors from driving school trucks and does not in so many words prohibit contractors from employing drivers, but I say that it does not grant any such authority and for that reason there is no such authority conferred. It is universal law in all matters of this kind that unless the authority is conferred by statute, it does not exist.

The word *driver* as used in section 102, chapter 283, School Laws of 1924, means nothing more nor less than *contractor.* As used in this act the word *driver* and the word *contractor* mean the same thing. This entire question is settled by *Bright* v. *Ball et al.,* 138 Miss. 508, 103 So. 236. This attempt on the part of the school officials and the contractor to evade thus the plain provisions of our statutes, and thus *do indirectly what the law does not permit them to do directly, will not meet with the sanction of this court.*

*W. E. McIntyre,* for appellee.

I. Chapter 283, Laws of 1924, being the Mississippi School Code, does not prohibit minors from driving tally-hos, nor does the said chapter or any other law in Mississippi, prohibit the employment of a driver by the contractor, but expressly provides for employment of drivers.

II. Sub-paragraph (b) of chapter 283, Laws of 1924, authorizes the state board of education to promulgate

rules and regulations governing the transportation of pupils to consolidated schools and nowhere is it alleged in the complaint that such rules and regulations prohibit the employment of minors to drive the transportation vehicles; but, on the contrary, such rules and regulations expressly provide that "a driver, acceptable to the trustees and county superintendent may be employed by the contractor."

III. The bill of complaint does not charge that the driver selected by the contractor, W. S. Dear, is incapacitated to perform the duties as prescribed by law and the rules and regulations of the state board of education. There is no allegation in the complainant's bill that the driver here employed is not acceptable to the trustees and the county superintendent, but the contrary is presumed.

If the complainant felt aggrieved because of the employment of a driver by the contractor, he had an appropriate remedy by mandamus to enforce the contractor to perform his contract. What is the purpose of a bond in such cases if not to see that the duties of the contractor are faithfully performed? If he did not care to proceed thus, he had his "appeal to the county superintendent and from that official to the state board of education."

The case of *Bright* v. *Ball et al.*, 103 So. 236, is not applicable here. In that case the contractor was a minor, incapacitated to handle and drive the truck used in transporting pupils to and from school by reason of the fact that his right leg and thigh is cut off near the body. Certainly a minor cannot make a valid contract because of his minority.

Anderson, J., delivered the opinion of the court.

Appellant, J. W. Dear, filed his bill in the chancery court of Rankin county against appellees, the county superintendent of education of that county, H. H. Bullock

and others, trustees of the Star consolidated school district, and W. S. Dear, the contractor for the conveyance of the children to said school over route No. 3, by which bill appellant sought to cancel the transportation contract entered into between appellee W. S. Dear and the county superintendent of education and the trustees of the said consolidated school for the transportation of children attending said school over route No. 3, and to enjoin appellee county superintendent and trustees of said school from paying appellee W. S. Dear for services already rendered under said contract. The appellees interposed a demurrer to appellant's bill, which demurrer was sustained by the trial court, from which decree sustaining appellees' demurrer appellant was granted an appeal to settle the principles of the cause.

The character of the suit is authorized by paragraph (g), section 102, of the School Code (chapter 283, Laws of 1924), as construed in *Bright* v. *Ball,* 103 So. 236, 138 Miss. 508.

The question for decision is whether appellant states in his bill a cause for relief. Taking the allegations of the bill most strongly against the pleader, as should be done, the following facts are set out as the grounds for the relief asked: That appellee W. S. Dear was not personally driving the conveyance over route No. 3 to the Star consolidated school, although under his contract he was required to so do; that, instead, appellee W. S. Dear had employed Noel Barlow, a boy, to drive the conveyance transporting the children over said route, and said Noel Barlow was a boy of only sixteen years of age, and, being a minor, under the law was not entitled to enter into the contract himself, and therefore appellee W. S. Dear had no authority to employ him for that purpose. Nowhere in the bill is it alleged that Noel Barlow was unfit to drive the conveyance. Neither does the bill make any attack whatever on the fitness of appellee W. S. Dear to enter into and perform the con-

tract, nor on his solvency and the security of his bond in case of his default.

The gravamen of the bill, as we understand it, is that appellant is entitled to have this transportation contract canceled alone upon the ground that the contract with appellee W. S. Dear was unauthorized by law because he had employed a minor to drive the conveyance. We do not so understand the statute. Nowhere in the statute is it provided (section 102-104, inclusive, School Code [chapter 283, Laws of 1924]) that the contractor shall himself personally drive the conveyance, nor is it therein provided, either expressly or by inference, that he may not employ for that purpose a minor capable of doing the work.

We hold, therefore, that there is no merit in the appellant's bill.

*Affirmed.*