# A. Salus & Son, Inc., v. Kohn

*A. S. Salus,* for plaintiff.
*J. Sharfsin,* for defendant.

TUMOLILLO, J., May 3, 1940.—This is an action in trespass by plaintiff, a corporation engaged in the meat and grocery business, against defendant, a licensed veterinarian employed by the Department of Health of the City of Philadelphia as an inspector of meats purchased for city and county institutions.

On August 5, 1938, plaintiff delivered 30 mutton chucks to the Philadelphia County Prison. This meat was inspected by defendant in the course of his duties and was condemned as unfit for human consumption. Defendant thereupon poured creolin upon the meat and ordered it sent to a rendering company. Plaintiff, however, repossessed the meat and had it examined by several experts before sending it to the rendering company. Plaintiff charges that defendant was guilty of gross negligence in his examination and seeks to recover the difference between the value of the meat and the amount obtained in its sale to the rendering company as waste.

Several employes of plaintiff testified that the meat. when delivered was wholesome and unquestionably fit for human consumption. Charles M. Harris, an employe of the United States Department of Agriculture, and

Cheston M. Hopkins, a veterinarian with 19 years' experience in the examination of meats, testified that they examined the meat immediately after it was repossessed by plaintiff and, save for the creolin poured upon it, it was fit for human consumption.

The testimony of plaintiff's witnesses was entirely convincing, and, if the only issue in the case were whether or not the meat was sound when examined by defendant, the court would find for plaintiff without hesitation. The court is convinced that defendant erred in condemning the meat, and acted either overzealously or carelessly.

However, the issue in this case is a much broader one than the soundness or unsoundness of the meat when it was examined. It involves the civil liability of a public officer for acts committed in the performance of his duties within the scope of his employment. This question is of great public importance.

There is authority that a public officer whose duties are ministerial in nature is liable to a person injured by his failure to act with due care: 43 C. J. 714, §1198; Mechem, Law of Public Offices and Officers, p. 444. But where the duties performed are quasi-judicial rather than ministerial a different rule applies, and an officer in the performance of such duties is liable only where he acts dishonestly or maliciously: Burton v. Fulton et al., 49 Pa. 151; American Pavement Co. v. Wagner, 139 Pa. 623; 46 C. J. 1043, and cases cited therein; Mechem, Law of Public Offices and Officers, p. 421.

Were the duties of defendant in this case ministerial in nature or were they of a quasi-judicial character? The line of demarcation is not always easy to draw. But the Supreme Court of Pennsylvania in American Pavement Co. v. Wagner, supra, held that where the performance of a public officer's duties required the exercise of judgment and discretion they were not merely ministerial in nature. See also Interstate Vitrified Brick & Paving Co. v. Philadelphia, Mack Paving Co. et al., 164 Pa. 477. This appears to be the general rule. "The gen-

eral rule protecting judges from civil liability for acts within the limits of their jurisdiction applies to officers exercising quasi-judicial powers, whose discharge involves the exercise of judgment and discretion, exempting them from liability for error or mistake of judgment in the exercise thereof in the absence of corrupt or malicious motives": 46 C. J. 1043, §328.

In this case, the city employed defendant, a qualified veterinarian experienced in the examination of meats, to examine meats to be used at public institutions.. In the performance of his duties he was required to exercise his judgment gained by his experience and by his specialized knowledge. The experts who testified on plaintiff's behalf both testified under cross-examination that it was possible under certain conditions for two experts, both acting honestly, to disagree as to the condition of meat and whether it was fit for human consumption. Since there are no absolutely fixed standards, there is no doubt that defendant was required to exercise independent judgment and discretion in the performance of his duties.

There is no evidence in this case that defendant's act was motivated by dishonesty, corruption, malice, or intent to injure plaintiff. The only evidence offered by plaintiff bearing on defendant's conduct is negative in nature. In Burton v. Fulton et al., supra, defendants were school directors who were sued for maliciously conspiring to remove plaintiff, a school teacher, from her position. The Supreme Court held that mere evidence of want of probable cause for removal by showing plaintiff's general good conduct and capacity as a teacher was not sufficient proof of malice.

In an opinion by Attorney General Carson rendered on October 19, 1905, at the request of the Secretary of Agriculture, Responsibility of Public Officers, 15 Dist. R. 715, it was held that there is no personal liability to persons injured by the actions of the Secretary of Agriculture in enforcing the provisions of the Act of March 25,

1901, P. L. 57, regulating the manufacture of commercial fertilizers. Quoting from the opinion (p. 717) :

"You do not, however, stand as an insurer of results. A mistake even, if one be made, if an honest one, is what the law terms *damnum absque injuria,* which means a loss without an injury."

The adoption of a rule which would impose liability upon a food inspector for mistakes made in the performance of his duties would tend to cause such inspectors to resolve doubtful cases in favor of the vendor rather than the public. It cannot be doubted that the public interest requires that where a doubt exists as to the fitness of food for human consumption it should be condemned, rather than hazard the consumer to the serious risk entailed in eating polluted food.

Thus there being no evidence that defendant's mistake was other than an honest one, the loss sustained by plaintiff is damnum absque injuria, and the court must find for defendant.