Mayer Brothers Construction Company, Appellant, *v.* Erie Parking Authority.

Argued November 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*T. P. Dunn,* for appellant.

*Robert N. Spaeder,* with him *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

This appeal is from the refusal of the court below to enter judgment on the pleadings involving a paving contract for a parking lot in the city of Erie. The complaint in equity was brought by a taxpayer-contractor against a municipal parking authority.

On October 9, 1957, the Erie Parking Authority advertised bids for the construction and furnishing of materials for the improvement of a parking site opposite St. Vincent's Hospital in Erie. The Authority requested bids to pave the parking site with concrete

or bituminous, commonly called blacktop paving. In its advertising for bids, the Authority reserved the right to reject any or all proposals and further in its instruction for bidders reserved the right to reject any or all proposals submitted for any reason deemed sufficient by it. The lowest bid for blacktop material was submitted by plaintiff, and the lowest bid for concrete was submitted by James J. Surovick, which bid was higher than that submitted for blacktop. However, plaintiff did not bid on the proposal for concrete material.

After a review of the bids submitted and consideration of the merits of both types of paving in relation to the bid prices, the Authority rejected all blacktop or asphalt bids and awarded the bid to the lowest concrete bidder, James J. Surovick. The contracts were signed with Surovick on October 28, 1957, and the work was commenced immediately thereafter. On November 6, 1957, plaintiff filed his action in equity, praying for an injunction and damages. No preliminary injunction was requested and no bond was posted. In its complaint, plaintiff alleged, inter alia, that because blacktop and concrete are competitive, because the Authority did not disclose an intention to make a choice between blacktop and concrete, it foreclosed the right to exercise any further discretion as to the two types of pavement after the bids were received. In its answer, while admitting that plaintiff was the lowest bidder on blacktop paving, denied that plaintiff was the lowest responsible bidder because blacktop and concrete are not of equal quality, that blacktop paving would not have as long a life as concrete and was subject to greater deterioration from the droppings of oil and gasoline, and that blacktop paving would require additional maintenance in the way of coating at regular intervals to seal the surface and preserve the pavement

from such deterioration, that the materials were not competitive on the basis of the bids submitted. It further alleged that only after the respective bids were submitted, did the Authority have the opportunity to consider the relative merits between blacktop and concrete, considering the difference in price, and that, as an administrative body, it had the right to use reasonable discretion and sound judgment in selecting the best product for doing the job. The Authority further alleged that in the invitation to bids and instruction to bidders, it specifically reserved the right to select the material as its interest may appear. The instruction to bidders stated that "The Authority reserves the right to reject any or all proposals, to waive any technicalities or informalities in any proposal, and to accept or reject any or all proposals, as its interest may appear."

After the close of the pleadings, plaintiff moved for judgment which was refused. This appeal followed.

Plaintiff contends here that the Authority, in advertising bids for two types of material to be used in the construction, exercised a discretion before and at the time the bids were invited and, therefore, it had no authority to exercise any discretion after the bids were received, and, since it was the lowest monetary bidder for blacktop material, the contract had to be concluded with it as the lowest responsible bidder. If the Authority was legally bound at the time the bids were submitted and if the Authority had no right to exercise any discretion thereafter, the contention of plaintiff appears to be well taken. We must, therefore, refer to the statutory and decisional law on this phase of the appeal to determine this contention.

The Parking Authority Law, Act of 1947, June 5, P. L. 458, sections 11(a) and 11(b), as amended, 53 P.S. 351, provides as follows:

"(a)   All construction, . . . made by any Authority, where the entire cost, . . . shall exceed five hundred dollars ($500.00). . . . shall be done only under contract or contracts to be entered into by the Authority with the lowest responsible bidder, upon proper terms, after due public notice has been given, asking for competitive bids as hereinafter provided. . . .

"(b)   All supplies and materials costing five hundred dollars ($500.00) or more shall be purchased only after due advertisement as hereinafter provided. Authority shall accept the lowest bid or bids, kind, quality and material being equal, but the Authority shall have the right to reject any or all bids or select a single item from any bid . . ."

It appears, therefore, that the kind and quality of materials being equal, the Authority must accept the lowest bid. However, where the quality of materials are not equal, and particularly where alternate bids are sought on two different types of material (even though competitive), it does not follow that an Authority has lost all discretion in such matter. If the Authority considered blacktop material to be the equal of concrete, it would have determined that question before advertising for bids and would have sought bids for one or the other but not both. In seeking bids for both types of construction material, it must have had something else in mind—the determination of the lowest price on both types of materials in order to aid it in its final decision as to which item shall be selected. Clearly, such exercise of discretion is not precluded under the statute. Under the contention of plaintiff, we are, in effect, called upon to determine that blacktop paving material is the equal of concrete. The obvious difficulty encountered, of course, is that there is no evidence upon which such a determination could be based.

There is no allegation in the complaint that the Authority, in accepting the higher bid for concrete, acted collusively or with fraudulent intent. In the absence of such allegation, the Authority, in exercise of discretion in letting this contract, acted in accordance with duties imposed upon it. Such duties are not merely ministerial, limited to ascertaining whose bid was the lowest, but called for the exercise of duties and powers which are deliberate and discretionary. *Interstate Vitrified Brick and Paving Co. v. Philadelphia,* 164 Pa. 477, 30 A. 383. In *Barnes et al. v. Scranton Poor District,* 105 Pa. Superior Ct. 149, 160 A. 241, we stated: "Courts should not be zealous to interfere with letting contracts, unless they are satisfied that the public has been made to suffer, either through fraud or bad faith or careless attention to business. The presumption is that the acts of executive officers are done for public good. When their actions are challenged, the burden of showing to the contrary rests on those asserting it, and it is a heavy burden; courts can and will interfere only when it is made apparent that discretion has been abused."

In *Wilson v. New Castle City,* 301 Pa. 358, 152 A. 102, our Supreme Court said: "The powers which city officials exercise are deliberative and discretionary; in the absence of evidence tending to show bad faith or corrupt motives, the award of a contract to a higher bidder, after an investigation, should not be stricken down." See also *McIntosh Road Materials Co. v. Woolworth,* 365 Pa. 190, 74 A. 2d 384.

We do not find either from the statute here involved or from the decided cases involving this question that, where alternate bids are requested for construction materials of different quality, the requesting authority is deprived of the right to exercise discretion as to which bid to accept. The case of *Pearlman v.*

*Pittsburgh et al.,* 304 Pa. 24, 155 A. 118, relied on by plaintiff, is clearly distinguishable and has no application to the facts of the instant case. In that case, the information to prospective bidders included a proposed contract and specifications in which bids were invited for three different types of meters, or their equal. In effect, one bid was requested for meters of the manufactured types specified and the lowest responsible bidder for any one of the three specified meters had to be accepted. Here, however, two proposals were requested, a bituminous proposal and a concrete proposal.

There remains another obstacle to plaintiff's motion for judgment on the pleadings. While under Rule 1034 of the Rules of Civil Procedure, it was entitled to move for judgment on the pleadings, in so doing, the moving party admits, for the purpose of the motion, the truth of all allegations of the other party offered in denial of his own allegations. See *Cary v. Lower Merion School District,* 362 Pa. 310, 66 A. 2d 762. The answer raised certain issues of fact which plaintiff, for purposes of the motion is deemed to have admitted. Under such circumstances, judgment on the pleadings may be granted only in clear cases and where there are no issues of fact. *Waldman et al. v. Shoemaker,* 367 Pa. 587, 80 A. 2d 776. This case does not meet the standards of the rule.

The order of the court below is affirmed and the record is remanded for further hearing and final determination.