## Stump v. Upper Southampton Sewer Authority

*Power, Bowen & Valimont,* for plaintiff.

*Ross & Smith* and *Walter W. Jackson,* for defendants.

FULLAM, J., August 3, 1962.—This is a taxpayer's suit in equity to enjoin a municipal authority and its officials from carrying out a contract for the construction of a sewerage system, allegedly awarded illegally to defendant construction firms. The amended complaint charges that the contract was awarded to a firm which was not the lowest responsible bidder in violation of section 10 of the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §312; and that this action was taken at an executive session rather than at a public meeting, contrary to the provisions of the

Right to Know Law of June 21, 1957, P. L. 392, 65 PS §251 et seq. The case is presently before the court for disposition of preliminary objections to the amended complaint.

We note at the outset that these preliminary objections are themselves defective in form. Pennsylvania Rule of Civil Procedure 1021 requires that "any pleading demanding relief shall specify the relief to which the party deems itself entitled." In the present case, the relief sought by defendants is largely a matter of conjecture. Moreover, whenever more than one type of preliminary objection is filed, it is preferable to use subtitles. See Hanson v. Berenfield, 24 D. & C. 2d 361 (1960). However, these questions have not been raised by plaintiff, and in view of the public nature of the controversy and the need for prompt disposition, we shall exercise the liberality encouraged by Pa. R. C. P. 126 and ignore the formal defects. Cf. Dillon v. Evans, 69 D. & C. 430 (1949); Ledondici v. Wartella, 41 Luz. 319 (1950). We shall consider the first four preliminary objections as constituting a demurrer, and the fifth as constituting a motion to strike off the complaint.

The amended complaint sets forth that defendant authority advertised for bids for the construction of a sewerage system; that pursuant to the advertisement, one Robert R. Ritter, trading as the Forest Company, submitted a bid in the sum of $815,570.15 "(allegedly) corrected by the authority to $818,820.50"; and that defendant authority proceeded to award the contract to a higher bidder, "despite the fact that Robert A. Ritter trading as the Forest Company was the lowest responsible bidder."

Plaintiff is identified as a resident and taxpayer of the Township of Upper Southampton, who will be a user of the sewerage system when it is completed. Plaintiff asks, inter alia, that defendants (the au-

thority, its officers, and the successful bidder) be enjoined from performing the contract and that the contract be awarded to the Ritter firm.

Plaintiff is a proper party to maintain the present action: Mistick v. Camack, 397 Pa. 296 (1959). See also Harris v. Philadelphia, 299 Pa. 473 (1930); Kratz v. Allentown, 304 Pa. 51 (1931); Pearlman v. Pittsburgh, 304 Pa. 24 (1931). Cf. R. S. Noonan, Inc. v. York School District, 400 Pa. 391 (1960). Defendants' preliminary objections numbered two and four challenge plaintiff's standing, but they were not seriously pressed at oral argument. These objections will be overruled.

The main thrust of defendants' present argument is that the complaint does not aver that defendants acted with any fraudulent, corrupt or improper motive, and does not, in so many words, aver that they committed an abuse of discretion. Defendants rely chiefly upon the case of Hyam v. Upper Montgomery Joint Authority, 399 Pa. 446 (1960), and the cases there cited, to the effect that the courts will not interfere with the exercise of discretionary power by municipal officials in the absence of fraud, misconduct or arbitrary and capricious abuse of power or discretion. In our opinion, the present case is readily distinguishable.

The Hyam case involved an attempt by taxpayers to enjoin the proposed construction of a sewage disposal system on the ground that the design of the proposed system was unsound from an engineering standpoint, was inadequate for the needs of the community and would be too expensive. On the basis of the facts established by the pleadings, and by the petition and answer in connection with the request that the Supreme Court take original jurisdiction, the Supreme Court determined that the only issues raised related to matters which were within the discretion of the municipal officials, and, accordingly, the court held that, in

the absence of any allegation of fraud, corruption or flagrant abuse of discretion, the complaint must be dismissed.

The case of Mayer Brothers Construction Company v. Erie Parking Authority, 189 Pa. Superior Ct. 1 (1959), also relied upon by defendants, was one in which the municipal officials sought bids on an alternate basis, specifying different materials. The court held that the municipal authorities were not required to choose the cheapest form of construction, but could, in the exercise of sound discretion, choose the more expensive material.

But the present case does not involve the exercise of discretionary power on the part of the municipal authority. Or, to put it more accurately, the facts pleaded in the complaint do not disclose the exercise of discretionary power by defendant municipal authority. Plaintiff's amended complaint avers that the Ritter firm was the lowest responsible bidder, but that the contract was awarded to someone else, at a higher price for the same work. For present purposes, we must accept these averments as true; and, if they are true, there would seem to have been a violation of the plain provisions of section 10 of the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §312, requiring the defendant to contract only "with the lowest responsible bidder upon proper terms, after due public notice has been given asking for competitive bids . . ." Compliance with this statutory provision is mandatory, not discretionary, and defendant authority could not lawfully award this contract to anyone other than the lowest responsible bidder: Kratz v. Allentown, supra; Pearlman v. Pittsburgh, supra; Schuck v. School District of Baldwin Township, 296 Pa. 408 (1929), and cases there cited.

Defendants are undoubtedly correct in their assertion that a governmental agency such as the defendant

authority does have considerable discretion in determining which of various bidders is "responsible." The law does not require that such contracts be automatically awarded to the lowest bidder, if there is reason to suppose he is not "responsible": Wilson v. New Castle City, 301 Pa. 358 (1930), and cases there cited. But on the present state of the record, this argument amounts to no more than an attempt to traverse the averments of the complaint. Any defense based on such considerations can be raised only in a responsive answer to the complaint.

For the foregoing reasons, the first four preliminary objections will be overruled.

The fifth objection raises an interesting procedural point. Plaintiff originally instituted this action by summons, in which only defendant authority and its officers were named as defendants. Subsequently, a complaint was filed in which the defendant construction firms were also included as defendants. These added defendants filed an answer on the merits, but when the authority filed preliminary objections to the original complaint, the original complaint was amended; and thereupon, all of the defendants filed identical preliminary objections to the amended complaint. The fifth of these objections suggests that the amended complaint should be stricken off, because it names as defendants some who were not named as defendants in the writ of summons by which the action was instituted.

Pennsylvania Rule of Civil Procedure 1007 provides that an action may be commenced either by filing a praecipe for a writ of summons, or by filing a complaint. Thus, a writ of summons is original process, whereas the complaint is a pleading which may or may not also constitute original process, depending upon whether or not the complaint is used to institute the action. The preliminary objection now under considera-

tion raises the question whether it is possible to commence an action by summons as to some of the defendants, and by means of the subsequently filed complaint, as to other defendants.

In Comer v. Silver, 56 Lanc. 323 (1958), an action was begun by a summons which was never served. Subsequently, plaintiff filed a complaint, and the complaint was served. The court treated the case as if two separate actions had been begun, both docketed to the same term and number. This reasoning is criticised in Goodrich-Amram §1007-6, where it is stated:

"The complaint could not have any characteristics as process, since process already existed in this action . . . The complaint, to be process, must be the sole process. The phraseology of Rule 1007 compels this conclusion."

On the other hand, Pa. R. C. P. 1010(b) provides:

"A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint."

Under this rule, it is clear that plaintiff in the present case could have added the defendant contractors in a reissued writ of summons and then filed his complaint. But the complaint which added new parties in the present case was not a reinstated complaint; and since reinstatement of a complaint has to do with the status of that document as process, rather than as a pleading, a strong argument can be made that there could never be a "reinstated complaint" in an action which was instituted by summons. Of course, plaintiff could undoubtedly have obtained leave of court to amend the caption, but this was not done.

However, it is unnecessary for us to decide whether there is merit in the objection under consideration. All of the defendants have entered general appearances, and, in fact, the defendants whose names were added to the complaint filed an answer to the original complaint.

It is clear, therefore, that all defects relating to the manner in which the action was commenced, and to jurisdiction over the persons of the defendants, have been waived. See Goodrich-Amram §1012-1; Hartung v. Mall, 37 Erie 215 (1935); Stephens v. King, 22 Beaver 32 (1960). Accordingly, the fifth preliminary objection will be overruled.

### Order

And now, August 3, 1962, for the reasons set forth in the foregoing opinion, the several preliminary objections filed by defendants are all overruled, with leave to defendants to plead to the merits within 20 days.