# Douglass et al. *versus* Commonwealth ex rel. Senior.

1. In the Act of Assembly approved May 23d, 1874 (P. L. 233) directing contracts for supplies to be awarded to the lowest responsible bidder, the word "responsible" does not refer to pecuniary ability only. The Act calls for an exercise of discretionary powers on the part of the city officers; and if they act in good faith, although erroneously or indiscreetly, mandamus will not lie to compel them to change their decision. They may be ordered by mandamus to proceed to do their duty of deciding and acting according to their best judgment, but the court will not direct them in what manner to decide.

2. The County Commissioners advertised for proposals for supplies for certain county offices. A. put in a bid to furnish them, which the Commissioners refused to consider, chiefly on the ground that A. had previously defrauded the city by furnishing supplies inferior to those he had contracted to furnish. A., thereupon, filed a bill praying for a mandamus commanding the commissioners not only to schedule, examine and consider his proposal, but, if he should be found the lowest bidder, to award him the contract. A demurrer, filed to this bill by the Commissioners, was overruled by the court, and the mandamus granted. Upon writ of error:

*Held*, that the mandamus must be quashed. The decision of the court below was a denial of the discretionary powers vested in the Commissioners by the Act of 1874.

Nor was it material that A. had not been judicially convicted of defrauding the city. If he had actually defrauded her, or, if the Commissioners on evidence which they deemed satisfactory, believed that he had, their discretionary power to reject his bid could not be restrained by mandamus.

January 29th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of July Term, 1884, No. 112.

This was a petition by the Commonwealth of Pennsylvania

*ex relatione* John R. Senior for a writ of alternative mandamus directed to William S. Douglass et al., County Commissioners, commanding them to duly schedule, examine and consider the relator's proposal or bid to furnish books, stationery and supplies for certain of the county offices during 1884, and to award the contract to said relator, if he proved to be the lowest bidder, or else to show cause.

The petition set forth: That the County Commissioners, on December 29th, 1883, advertised for proposals for supplies for the county offices. That the relator bid for some of the said supplies, and under the law is entitled to have his proposal scheduled with the proposals of the other bidders, to have it considered and examined, and if it shall appear that he is the lowest bidder for any of said supplies, then it is the duty of said County Commissioners to award to him, and he is entitled to have awarded to him a contract to furnish said supplies; that relator is regularly engaged in the business of making and supplying the articles for which he bid, and is so known to the respondents, they having in 1883 awarded a contract to him. That on 23d January, 1884, the respondents opened the bids they had received, but refused to schedule, examine or consider the relator's proposal, then and there falsely and unlawfully pretending that relator is not known to be engaged in the stationery or printing business, and that he is not a responsible person. That respondents are engaged in scheduling the proposals, excepting therefrom relator's proposal, and that they will proceed then to make awards of contracts. The petition prayed for a writ commanding respondents to duly schedule, examine and consider relator's proposal, and if he be found to be the lowest bidder, that they thereupon award him a contract, or show cause, &c.

The writ was allowed.

The respondents demurred, assigning the following reasons:

1. Because the petition does not show in the relator any specific legal right, independent of that which he holds in common with the public at large.

2. Because the petition discloses that the respondents in rejecting the relator's bid, and deciding him not to be a responsible person, exercised a discretion vested in them by law, and which this court cannot coerce.

3. Because the respondents, by the terms of their advertisement, reserved the right to reject any and all bids.

4. Because if the relator has any rights they are those arising under a contract, and such rights must be enforced by an action at law on the contract.

5. Because the petition does not allege that the respondents have acted dishonestly or fraudulently in deciding that the re-

lator was not a responsible person, and their decision cannot be overruled or coerced by this court.

After argument, the court entered judgment for the plaintiff on the demurrer; and ordered the respondents to perform the duties incumbent on them by the ordinances of the city, relating to the subject-matter in dispute, specified in the petition, and awarded a peremptory writ. Thereupon the respondents took this writ assigning for error the decision of the court, in entering judgment for the plaintiff on the demurrer, and in refusing to quash the alternative writ of mandamus.

*Abraham M. Beitler* and *Charles F. Warwick*, for plaintiffs in error.—The question is whether the City of Philadelphia has any right to limit in any wise the bidders for her work and supplies, whether she can refuse any bid, or whether she must receive *every* bid offered and be denied the right to reject a bidder who has in past contracts defrauded her.

The facts here are that John R. Senior had defrauded the city; he had been a contractor under her, and he furnished supplies which were vastly inferior to those he contracted to furnish, at a time when the public needs were such that they had to be accepted.

The City Councils, to shut out just such bidders, passed, in 1882, an ordinance, expressly directing heads of departments not to receive or schedule any bid from any defaulting contractor.

At the time the bids were received by the County Commissioners they found, on opening them, one by John R. Senior, whom they knew to be a defaulting contractor. Under the ordinance of Councils they declined to receive or schedule it, holding John R. Senior to be, as they knew, an irresponsible bidder. The Act of May 23d, 1874 (P. L. 233), regulates the award of contracts for municipal work and supplies. It requires that the contract be awarded to the "lowest responsible bidder under such regulations as Councils may prescribe." In 1876 this court in the cases of Commonwealth *v.* Mitchell, 1 N., 343, and Findley *v.* Pittsburgh, 1 N., 357, gave judicial interpretation to the meaning of the words "lowest responsible bidder." It was decided that the words did not mean pecuniary ability, but that they necessarily vested in the party awarding the contract, powers "deliberative and discretionary." These decisions have been followed in the Court of Common Pleas, No. 1, in the case of Commonwealth *ex rel.* Hackett *v.* The Guardians of the Poor, 40 Leg. Int., 1883, p. 46. They followed and were in accord with Conner *v.* The Board of Health, 7 Phila., 629; McLaughlin *v.* Kneass, Id., 634; Cramer *v.* City, Id.,

12 OUTERBRIDGE.—36

429 ; Hughes et al. *v.* School Directors of Plymouth Township, 8 Luzerne Leg Reg., 284.

If is therefore submitted : That the discretion vested in the plaintiffs in error having been honestly exercised cannot be coerced by the court below, nor can the court below under the law substitute itself for the County Commissioners and the Finance Committee of Councils in deciding who is the lowest responsible bidder; and, further : That no right exists in the court below to override an ordinance of Councils which instructs the head of a department "not to receive or schedule any bid" from a party who has defaulted in a contract with the city, such an ordinance being reasonable, not being in conflict with the Act of May 23d, 1874, and being vitally essential to the proper government of the city.

*W. S. Price,* for defendant in error.—Under the Acts of May 13th, 1856 (P. L. 573), and of May 23d, 1874 (P. L. 233), and the various city ordinances passed in pursuance thereof, it was the duty of the Commissioners to retain and schedule Senior's proposal in common with the others, and to award him the contract if he was the lowest bidder, unless it was true, in fact, that he was an irresponsible bidder within the meaning of the Act of 1874. The reason given by the Commissioners for refusal to consider Senior's bid, was that they had been informed that in former contracts he had defrauded the city by furnishing materials inferior to those bid for.

It is not averred in the answer that the accusation of which the Commissioners say they were informed is true in fact, or that they hope or expect to prove that it is true, or even that they believed it to be true at the time their answer was made.

It is submitted, therefore, that the assertion made and repeated in their argument, and upon which most of the argument appears to be based, that John R. Senior had defrauded the city, and that the Commissioners knew him to be a defaulting contractor, are unwarranted by anything that appears in the case, and should pass for no more in this Court than they did in the Court below. There is no such fact in the case to found an argument upon.

The cases of Commonwealth *v.* Mitchell and Findley *v.* City of Pittsburgh, cited by the plaintiffs in error, do not support their contention in the present case. Both of those cases arose out of the same transaction, and the bidder whose proposals had been refused was found, *after judicial examination* into the merits of his case, to have attempted to perpetrate a gross deceit and wrong upon the committee who received the proposals, and was otherwise an improper person to contract

with for the machinery needed for water works.   The case was. a flagrant one, and, it is submitted, the language in the opinion of the Court is to be referred to such a case, and not to the case now in hand.

Chief Justice MERCUR delivered the opinion of the Court on February 9th, 1885.

The Act of 23d May, 1874, directing contracts to be awarded to the "lowest responsible bidder" has twice been before us for construction.   In each it was held that the word "responsible," as used in the Act, applies not to pecuniary ability only, but also to judgment and skill.   The duties thereby imposed on the city authorities are not merely ministerial, limited to ascertaining whose bid was the lowest, and the pecuniary responsibility of the bidder and his sureties.   The Act calls for an exercise of duties and powers which are deliberate and discretionary.   If the authorities act in good faith, although erroneously or indiscreetly, mandamus will not lie to compel them to modify or change their decision; Commonwealth v. Mitchell, 1 Norris, 343 ; Findley v. City of Pittsburgh, Id., 351.

Where the complaint is against persons who act in a judicial or deliberative capacity they may be ordered by mandamus to proceed to do their duty by deciding and acting according to the best of their judgment; but a Court will not direct them in what manner to decide :   Commonwealth v. Judges of Common Pleas, 3 Binn., 273; same ex rel. Griffith, 5 Id., 87; same ex rel. v. Hultz, 6 Barr, 469; same ex rel. Watt v. Perkins, 7 Id., 42;. Same v. Mitchell, supra.

In the present case it is averred, and not denied, that in the advertisement of the plaintiffs in error, they reserved the right to "reject any or all bids not deemed for the best interest of the city."   Conceding this did not authorize any disregard of the obligations imposed by the statute, yet presumably the relator bid with a knowledge of this claim of right.   In the demurrer to the writ of alternative mandamus, the reasons stated inter alia are that the petition discloses that in rejecting the relator's bid and deciding him not to be a responsible person, the respondents exercised a discretion vested in them by law, and which the Court could not coerce, and that the petition does not allege that the respondents had acted dishonestly or fraudulently in deciding the relator was not a responsible person.   The Court overruled the demurrer and entered judgment thereon for the Commonwealth.   In the judgment awarding the peremptory writ the Court affirmed the position assumed by the relator, and ordered the respondents to proceed to perform the duties relating to the subject matter in dispute and specified in the petition for the mandamus.   The petition

[Dolan's Appeal.]

prayed for a writ commanding the respondents not only to schedule, examine and consider the proposal of the relator, but if he should be found to be the lowest bidder, that they thereupon award him a contract. This judgment is a denial of the exercise of those deliberate powers and sound discretion, which the statute wisely gives to the respondents in the allotment of a contract. We do not think it necessary that the relator must have been judicially convicted of having defrauded the city under a previous contract. If in fact he did so act in a fraudulent manner, or if the respondents on evidence which they in good faith deemed satisfactory, believed he had, their discretionary power to reject his bid should not be restrained by mandamus. The learned judge therefore erred in not sustaining the demurrer, and in not quashing the writ of alternative mandamus.

> Judgment reversed and writ of alternative mandamus quashed.