## Maguire v. Kirchner et al., County Commissioners.

H. O. Bechtel and M. M. Burke, for plaintiff; C. E. Berger, for defendants.

HOUCK, J., May 19, 1930.—The plaintiff petitioned for an alternative writ of mandamus, alleging that the county controller, by direction of defendants, duly advertised for sealed proposals or bids for the construction of a concrete bridge in West Penn Township, this county; that plaintiff presented his bid on said bridge in the sum of $7800, which complied in all respects with the advertisement and defendants' instructions governing bids, together with a

certified check in the required amount; that plaintiff's bid was the lowest bid presented, the next being the bid of John N. Meck in the sum of $7930; that plaintiff notified defendants, both by parol and in writing, that he was ready to accept and execute the contract to construct said bridge and to furnish good and sufficient bond for faithful performance of the contract; that defendants willfully and unlawfully set aside and refused to accept and approve plaintiff's said bid, and willfully and unlawfully refused to award the contract to plaintiff, and willfully and unlawfully awarded the contract to John N. Meck for the said sum of $7930; that before executing a contract the said John N. Meck withdrew his bid and refused to accept the contract; that defendants concurred in this withdrawal and are now willfully and unlawfully readvertising for bids for the same bridge upon the same specifications; that plaintiff's bid and certified check are still in possession of defendants and of the county controller, and that defendants still refuse to award the contract to plaintiff, he being still ready to accept and execute said contract; that plaintiff has already constructed several bridges for the County of Schuylkill and for defendants, all of which were approved and accepted; that the refusal of defendants to award said contract to plaintiff was unwarranted, willful and unlawful; that it is defendants' duty, under the law, to award said contract to the plaintiff as an entirely responsible bidder and the lowest bidder; and that defendants' refusal to award the contract to plaintiff is an injustice to the taxpayers of Schuylkill County and a willful and extravagant expenditure of the public funds. On this petition an alternative writ of mandamus was issued, directing defendants to show cause why they should not accept and approve the bid or proposal of plaintiff and award to him the contract for constructing said bridge.

Prior to the return day, defendants moved to quash the writ for the following reasons: (1) The petition is not verified as required by section 2 of the Act of June 8, 1893, P. L. 345; (2) plaintiff's petition does not show a clear legal right vested in him to the performance of the matters contained in the writ; (3) defendants are not charged with an abuse of their official discretion; and (4) plaintiff's petition does not allege that defendants have acted dishonestly or fraudulently in refusing to award the contract to plaintiff on his bid.

The motion to quash raises the questions whether the writ was issued improvidently and whether the petition presents the substance of a case for mandamus; in other words, whether the petition is self-sustaining. A motion to quash the writ is the proper method for raising these questions: Boyle *v.* Lansford School District, 8 Dist. R. 436; Lehigh-Coplay Water Co. *v.* Coplay Borough et al., 11 Dist. R. 602; Williams *v.* Burgess of Uniontown, 24 Dist. R. 658; Mayes et al. *v.* Warsaw Township School Directors, 12 D. & C. 340. The applicable rule is that the petition for the alternative writ of mandamus should set forth all the facts specifically which, if true, would entitle the relator to the relief sought and which must show a clear *prima facie* right to the mandamus.

The petition alleges that plaintiff is a responsible bidder and that his bid was the lowest. It also states that defendants "willfully and unlawfully set aside and refused to accept and approve petitioner's said bid and willfully and unlawfully refused to award the contract for said bridge to petitioner." The averment that defendants acted willfully and unlawfully states a conclusion of law, and the only basis in fact for this conclusion contained in the petition is that defendants failed to award the contract to the lowest responsible bidder. In other words, so far as the allegations in the petition are concerned, the petition can mean only that defendants' act was unlawful because

they did not award the contract to the lowest responsible bidder. There is no allegation of fraud, bad faith, collusion or dishonesty. Hence, the case narrows down to the question whether a mandamus may issue compelling defendants to award the contract to the lowest responsible bidder in the absence of any allegation of fraud or dishonesty.

Section 704 of the General County Law approved May 2, 1929, P. L. 1278, requires county commissioners to award contracts for the building of bridges to the lowest responsible bidder. In this respect the act is identical in terminology with a great variety of enactments governing the award of municipal contracts. Precisely similar statutes have been repeatedly construed and the controlling legal principles have been firmly settled by a long line of decisions beginning as early as 1876. The statute in question imposes not merely a ministerial duty upon the county commissioners, but duties and powers which are deliberative and discretionary. The petition in the case at bar does not allege that defendants failed to exercise their discretion nor that they abused their discretion. In fact, the averments of the petition show that discretion must have been exercised because the contract was actually awarded to another bidder. Such being the case, plaintiff has no right to relief by mandamus. "For it is settled beyond controversy that where the complaint is against a person or body that has a discretionary or deliberative function to exercise, and that person or body has exercised that function, according to the best of his or its judgment, the writ of mandamus will not be granted to compel the undoing of that which has been done: Griffith v. Cochran, 5 Binn. 87; Com. ex rel. Watt v. Perkins, 7 Barr, 42;" Com. ex rel. Snyder et al. v. Mitchell et al., 82 Pa. 343, 350. Other illustrations of the rule may be found in Douglass et al. v. Com. ex rel. Senior, 108 Pa. 559; American Pavement Co. v. Wagner, 139 Pa. 623; Hibbs et al. v. Arensberg et al., 276 Pa. 24; Homan v. Mackey et al., 295 Pa. 82.

In Com. ex rel. Snyder v. Mitchell, supra, the court found that the relators, whose bid was the lowest, were responsible in all points into which the city had a right to inquire. Even in the face of these findings it was held that the writ of mandamus did not lie because the duty imposed upon the respondents was deliberative and discretionary. In addition to this, the court said, at page 350: "There is another aspect of this case, and which is quite as fatal to the right of the relators as that just discussed. It is a well-established rule that he who sues for the writ of mandamus must have some well-defined right to enforce which is specific, complete and legal and for which there is no other specific legal remedy, and the right which he claims must be independent of that which he holds in common with the public at large: Heffner v. Com., 4 Casey, 108. But Snyder & Co. had no such right as above stated. By their bid they proposed to contract for certain work; their bid was not accepted. It was a mere proposal that bound neither party, and as it never was consummated by a contract, the city acquired no right against the relators nor they against the city. Snyder & Co. are wanting in a specific remedy only because they have failed to establish a legal right." This comment applies with equal force to the case at bar and constitutes an additional reason for quashing the writ.

We are of the opinion that the writ must be quashed since the petition does not state the substance of a case for mandamus. It would avail nothing to proceed to hearing because, were every fact in the petition established, plaintiff would still be without a remedy by mandamus.

And now, May 19, 1930, the alternative writ of mandamus, heretofore issued, is quashed, at the cost of plaintiff.