## Award of Contract After Tied Bids

MARGIOTTI, Attorney General, December 16, 1935.— We have your request to be advised whether there is anything in the existing law to prevent your department from stopping the practice of awarding contracts by drawing lots: also, whether there is anything to prevent your department from awarding to any bidder a contract on which all low bids are tied. You state that it has been the practice where the bids are tied to make awards

by the drawing of lots. You also ask to be advised what procedure you shall follow in case the Auditor General and State Treasurer refuse to approve awards made by your department.

Section 2409 of The Administrative Code of April 9, 1929, P. L. 177, provides, in part, as follows: "The department shall . . . award the contracts to the *lowest responsible* bidder". (Italics ours.)

It is clear from that section of The Administrative Code quoted above that there is no warrant in the law for the practice of drawing lots in cases where there are tied bids. For the same reason, the law does not permit the Secretary of Property and Supplies arbitrarily to award the contract to any one of the equally low bidders, since neither can be said to be the lowest bidder. You may of course reject all bids and re-advertise.

However, the secretary may exercise his sound discretion so far as the responsibility of the bidder is concerned, and, if he finds one of the equally low bidders meets the requirement of being responsible, and the others do not, he may award the contract on that ground, for the law authorizes the award not merely to the lowest bidder, but to the lowest responsible bidder. The secretary, under this authority, has a wide discretion to pass upon the question of responsibility so long as his judgment is honestly exercised.

Mr. Justice Gordon, speaking for the court, in Commonwealth, ex rel., v. Mitchell et al., 82 Pa. 343, 349, said, in part, as follows:

"The facts, as above stated, having been found in favor of the relators, we next have to consider the Act of Assembly under which this case arises. It reads thus: 'All stationery, printing, paper and fuel used in the councils and in other departments of the city government, and all work and materials required by the city, shall be furnished and the printing and all other kinds of work to be done for the city, shall be performed under contract to be given to the lowest responsible bidder, under such

regulations as shall be prescribed by ordinance.' (Act 23d May 1874, Pamph. L. 230.) Now the court below, though they found, under the evidence, that the relators were responsible in all points in which the city had a right to inquire, yet they held that the word 'responsible,' as employed in the act, when applied to contracts, requiring for their execution, not only pecuniary ability, but also judgment and skill, imposes, not merely a ministerial duty upon the city authorities, such as would result did their powers extend no further than to ascertain whose was the lowest bid, and the pecuniary responsibility of the bidder and his sureties, but also duties and powers which are deliberative and discretionary. In this we concur with the court below. For it is scarcely open to doubt, but that the word under consideration, as it is used in the statute, means something more than pecuniary ability. In a contract, such as the one in controversy, the work must be promptly, faithfully and well done—it must, or ought to be conscientious work; to do such work requires prompt, skilful and faithful men. A dishonest contractor may impose work upon the city, in spite of the utmost caution of the superintending engineer, apparently good, and even capable of bearing its duty for a time, which in the end may prove to be a total failure and worse than useless."

See Findley v. City of Pittsburgh, 82 Pa. 351, in which the court reiterated the opinion of Commonwealth et al. v. Mitchell et al. See also Douglass et al. v. Commonwealth, ex rel., 108 Pa. 559, where Chief Justice Mercur said, in part, at page 563:

· "The Act of 23d May, 1874, directing contracts to be awarded to the 'lowest responsible bidder' has twice been before us for construction. In each it was held that the word 'responsible,' as used in the Act, applies not to pecuniary ability only, but also to judgment and skill. The duties thereby imposed on the city authorities are not merely ministerial, limited to ascertaining whose bid was the lowest, and the pecuniary responsibility of the

bidder and his sureties. The Act calls for an exercise of duties and powers which are deliberate and discretionary. If the authorities act in good faith, although erroneously or indiscreetly, mandamus will not lie to compel them to modify or change their decision; Commonwealth v. Mitchell, 1 Norris, 343; Findley v. City of Pittsburgh, Id., 351."

Responsible means not merely financially able to respond in damages for breach of contract. We find responsible bidder to be defined as follows:

". . . one who is not only financially responsible, but who is possessed of the judgment, skill, ability, capacity and integrity requisite and necessary to perform the contract according to its terms": 54 C. J. 727.

That portion of The Administrative Code of April 9, 1929, P. L. 177, that authorizes the approval of contracts by the Governor, Auditor General, and State Treasurer reads, in part, as follows:

"Section 2403. Standards and Purchases. — The Department of Property and Supplies shall have the power, and its duty shall be . . .

"(b) To enter into contracts for supplying all stationery, printing paper, and fuel, used in the legislative and other departments of the Government. . . . All such contracts shall be awarded to the lowest responsible bidder below such maximum price, and under such regulations as are prescribed by this act, and shall be subject to the approval of the Governor, the Auditor General, and the State Treasurer.

"Section 2406. Publications.—The Department of Property and Supplies shall have the power, and its duty shall be . . .

"(d) To enter into contracts for furnishing all printing used in the legislative and other departments of the government . . . which contracts shall be given to the lowest responsible bidder below such maximum price and under such regulations as are prescribed by this act, and

shall be subject to the approval of the Governor, Auditor General, and State Treasurer.

"Section 2409. Method of Awarding Contracts for Stationery, Paper, Fuel, Repairs, Furnishings and Supplies.—The Department of Property and Supplies shall, on or before the first day of February in each year, notify the Governor, the several administrative departments, the independent administrative, departmental administrative, and advisory boards and commissions, the chief clerks of the Senate and House of Representatives, and the proper officers of the judicial department, respectively, to furnish lists of all furniture and furnishings, stationery, supplies, repairs, alterations, improvements, fuel, and all other articles that may be needed by their respective departments, boards, or commissions, or the Senate, or the House of Representatives, for the fiscal year beginning the first day of June next following, excepting only perishable foodstuffs and fuel for State institutions and repairs or alterations which are not to be made by the Department of Property and Supplies. . . .

"All contracts awarded shall be severally void unless first approved by the Governor, the Auditor General, and the State Treasurer, and when so approved, together with all checks or bonds given for their faithful performance, be filed with the department, which shall keep a record of the same and shall, within twenty days after the award, certify copies of all said contracts to the Auditor General.

"Section 2410. Method of Awarding Contracts for Public Printing and Binding.—All contracts for public printing and binding shall be for terms of not less than one or more than four years. . . .

"Provided, however, That the department shall have the right to reject any or all bids, and, when all bids shall be so refused, the department shall advertise again for proposals, giving at least ten (10) days' notice thereof by advertisement, and said proposals shall be opened, awarded, and approved in like manner as hereinbefore

provided: And provided further, That all contracts awarded shall be severally void, unless first approved by the Governor, the Auditor General, and the State Treasurer."

It is clear from the law quoted above that, if and when the Secretary of Property and Supplies exercises his discretion and passes upon the responsibility of the bidders who are tied, and makes his award to one of the bidders who is tied, it is mandatory upon the Auditor General and the State Treasurer to approve the award.

In conclusion, we advise you that, where the bidders have submitted equally low bids, the Secretary of the Department of Property and Supplies may not award to any one of the equally low bidders, as the lowest bidder, by lot, and may not arbitrarily select one of the bidders as the lowest responsible bidder. As stated above, he may reject all bids and readvertise, or he may, in the exercise of his discretion, pass on the question of responsibility. When he has done so and exercises a sound, honest discretion and awards to the bidder, who in his judgment is the lowest responsible bidder, it is mandatory upon the Auditor General and State Treasurer to approve the award. Upon refusal to sign, mandamus is the remedy.

From Frederic Ray, Harrisburg.